**STATE HIGHWAY COMMISSION of Wyoming, Appellant (Plaintiff below),**

v.

**Roy BLACK and Alma Black, Appellees (Defendants below).**

No. 3484.

Supreme Court of Wyoming.

Aug. 18, 1966.

John F. Raper, Atty. Gen., Glenn A. Williams, Asst. Deputy Atty. Gen., Cheyenne, for appellant.

F. M. Andrews, Jr., and G. L. Spence, Riverton, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Defendants were the owners of a tract of rural land comprising approximately thirty-three acres, a portion of which abutted upon a State highway. Late in the year 1964 plaintiff proposed to improve and widen the highway and for that purpose commenced an action in eminent domain to take approximately 2.08 acres of the defendants' lands adjacent thereto. Agreement could not be reached between the parties on the issue of just compensation to the defendants for the taking and the matter came on for trial with a jury present. The verdict of the jury fixed the value of the land taken in the sum of $2,000 and the damages to the portion of defendants' property not taken in the sum of $9,500, or a total of $11,500. An order was entered by the trial judge confirming the verdict and plaintiff appeals from such order.

Two procedural errors are advanced, namely, (1) that the trial court erred when it struck the testimony of the witness John R. Storey, produced by plaintiff as a valuation witness, and (2) that the amount awarded by the jury was in excess of the compensation claimed by the defendants.

The focal point of plaintiff's first claim of error involves the residential property of the defendants. The record discloses that prior to the time of taking, the defendants had constructed a nice home with related improvements upon a part of their acreage fronting the highway. Although the improvements were set back some distance from the old highway, a driveway gave the defendants direct access. As nearly as we can determine, the plaintiff took some forty feet from the front of defendants' residential property, thus bringing the outer limits of the highway that much closer to defendants' home. The defendants were not deprived of access and no improvements were taken except a small amount of ornamental wooden fencing that marked the outer limits of the residential property. Nevertheless, the defendants claimed that substantial damage resulted to their residential property from the taking and this was the principal element that accounted for the difference in value testified to by the witnesses for both parties.

The witness Storey, after reciting the usual matters to establish his qualifications as an appraiser and after the trial court had preliminarily determined that the witness was qualified, gave it as his opinion that the total value of defendants' property immediately prior to the taking was the sum of $28,762. Then in support of his appraisal the witness went on to specify the items that he had considered in arriving at such value, and in this the witness stated that he had placed a value in the sum of $18,639 upon defendants' improvements. He also placed a value of $575 per acre on fifteen acres of the tract which he classified as suitable for small residential tracts. Another fifteen acres was described as marsh grazing land for which he used a value of $100 per acre.

The witness then gave it as his opinion that the value of defendants' property after the taking was the sum of $26,113, or a difference in the before and after value of $2,649. In support of this difference the witness said that he allowed $419 for the ornamental fencing and $1,000 as damage to the improvements. He found no damage to the land not taken. While the witness did not so state,[1] the remaining difference of $1,230 was apparently for the 2.08 acres of land taken.

1. This should have been done. Stringer v. Board of County Commissioners of Big Horn County, Wyo., 347 P.2d 197.

No objection was made to the method used by the witness in arriving at his before and after valuation, but on cross-examination the following occurred:

"Q. Well, now you did make an appraisal of the house, didn't you? A. I estimated the value of the house, yes, sir.

"Q. Well, now just a minute, did you make an appraisal or did you make an estimate? A. In order to make—

"Q. Did you make an appraisal or an estimate? A. I made an estimate of the value of the house.

"Q. You didn't appraise the value of the house, you just estimated its value? A. That's correct.

"Q. And this estimate is part of your total appraisal of the total real estate before and after the taking, isn't it? A. That is correct, sir.

"MR. SPENCE: I move his testimony in this regard be totally stricken, Your Honor.

\*    \*    \*    \*    \*    \*

"THE · COURT: I will overrule the motion to strike at this time.

"Q. Now, the reason you said you made an estimate instead of an appraisal is because you weren't able to gather enough basic facts relative to the house to make an appraisal, were you? A. Sir, I didn't feel that—

"Q. Were you able to, yes or no? A. No.

"MR. SPENCE: I renew my motion.

"THE COURT: Now, ladies and gentlemen of the jury, the testimony of this witness with regard to any evaluation of this type, of course, the evaluation of the house will be stricken. It is now stricken from the record, and you will not consider it in any form. It is as though it has never been said. Proceed, gentlemen."

▮  It is plaintiff's contention that the trial judge, for purposes of his ruling, erroneously drew a distinction between what constituted an appraisal and what constituted an estimate. Certainly we can agree with plaintiff's contention that the two terms are used interchangeably in proceedings of this kind and are usually regarded as synonymous. Our difficulty with plaintiff's contention in the first instance, however, is a lack of conviction on our part that the trial court for purposes of his ruling drew the distinction. It will be noticed that in making such ruling the trial court specifically referred to the testimony of the witness as being an "evaluation." That term is also synonymous with the term "appraisal." Webster's Third New International Dictionary, Unabridged, page 786 (G. & C. Mirriam Co., Publishers, 1961), defines evaluation as being "the act or result of evaluation: Judgment appraisal." Under the circumstances we cannot say that the trial court was laboring under the misapprehension claimed.

We can also agree with plaintiff's contention that the trial judge intended to and did strike all of the testimony of the witness. On the state of the record, however, we cannot hold that there was prejudicial error in the ruling. The circumstance of defendants' home was an essential and important element to be considered.

▮  Improvements of the kind here present may serve a dual purpose in a partial taking. If the land to which the improvements are affixed is included in the taking, the improvements, to the extent they enhance the value of the land taken, must be considered. Generally, however, the value of the improvements is not separately to be fixed and allowed. If such land is not a part of the taking, then the improvements must be considered in arriving at the value of the residue of the affected tract. Martinson v. Iowa State Highway Commission, Iowa, 134 N. W.2d 340, 342; Hoy v. Kansas Turnpike Authority, 184 Kan. 70, 334 P.2d 315, 320; Commonwealth Department of Highways v. Stamper, Ky., 345 S.W.2d 640, 642–643; County of Nueces v. Salley, Tex.Civ.

App., 348 S.W.2d 397, 399, 400, ref. n. r. e.; 27 Am.Jur.2d, Eminent Domain, § 291, p. 96, and § 438, pp. 348–349.

We think the witness recognized this and no doubt had it in mind when he attempted to answer counsel's question of whether he made an appraisal or estimate of the house. Unfortunately, in the adroit hands of his cross-examiner, the witness obviously became confused and did not insist upon his right to complete his explanation. Nor was he afforded that opportunity on redirect. Moreover, no effort was made to rehabilitate the witness in any way. Consequently, as his testimony now stands, his appraisal by his own admission was unreliable because the witness did not have all of the essential facts. Of course, plaintiff argues that the improvements constituted only one factor to be considered and therefore all of his testimony should not have been stricken—inferring at least that his testimony of the value of the property taken was not subject to the objection. We find no merit in that. Even though, as stated above, his evaluation of that element of damages could be computed, it is obvious that in arriving at the value of the land taken from the front of the defendants' residential plot no consideration was given to it as a part of the residential unit. The witness simply treated it as raw land valued at $575 an acre, and that of course was improper.

Plaintiff's second claim of error that the amount awarded by the jury was in excess of the compensation claimed by the defendants is predicated upon defendants' filing of a motion for an order of the court confirming the award of the commissioners appointed initially to ascertain and certify the just compensation to be made to the owners.

The award in question was in the sum of $6,000.[2] During the time that defendants' motion was pending, and in fact on the day preceding the day on which

the trial court overruled defendants' motion, the defendants filed an instrument entitled "RESPONSE TO JURY DEMAND" wherein it was alleged that the value of the property taken was in the sum of $5,800, including improvements, and that the damage to the property not taken was in excess of $15,000. The defendants prayed for judgment against plaintiff in the sum of $20,800, which was increased to $32,500 by amendment at the commencement of the trial.

Plaintiff's position, simply stated, is that defendants' motion constituted a pleading wherein the defendants had limited their claimed damages to the sum of $6,000. We need not decide whether the motion was a pleading under the statutes pertaining to eminent domain as then in force or under Wyoming Rules of Civil Procedure prior to the recent amendments relating to such matters. For purposes here we will, as counsel suggests, treat it as a responsive pleading on the only issue remaining for trial, i. e., the issue of just compensation. We have previously indicated that such a pleading—although not required—was permissive. Routh v. State Highway Commission, Wyo., 402 P. 2d 706, 708; State ex rel. Frederick v. District Court of Fifth Judicial District In and For Big Horn County, Wyo., 399 P.2d 583, 586. To succeed in its contention, however, plaintiff asks us to put aside defendants' "RESPONSE TO JURY DEMAND" as an unauthorized pleading for the reason that the statute failed to provide for such an instrument. Frankly, we do not see how that can be done. The clear import of the instrument was in the nature of a permissive responsive pleading on the remaining issue—much more so than the motion. As we have said, it specifically alleged the nature and amount of damages the defendants were claiming and contained a prayer. It was not in any way attacked by motion. The mere fact

2. By a corrected certificate such amount was later reduced to the sum of $3,000, but we are not called upon to consider

the effect, if any, that such fact had upon the problem presented.

that the instrument was not entitled "AN-SWER" did not prevent the trial court from treating it as such. The entitlement given to the instrument by the defendants was not determinative of its contents and could be ignored. Thus, it would seem to follow that if defendants' motion was their initial responsive pleading on the issue of just compensation, it must also necessarily follow that the second responsive pleading was an amendment thereof. Inasmuch as the amendment was complete within itself and made no reference to the motion, it seems clear that the motion was thereby superseded. Cooley v. Frank, 68 Wyo. 436, 235 P.2d P.2d 446, 449–450. Of course, the motion could be used, and was used, as an admission against interest which the jury could, and presumably did, consider. The verdict rendered was well within the damages claimed by defendants.

Under the circumstances, we have no alternative but to affirm the order confirming the verdict, and it is so ordered.

Affirmed.