Joseph I. JOSLYN and Janice E. Joslyn, Appellants (Plaintiffs),

v.

PROFESSIONAL REALTY, a Wyoming Corporation, Jean Koski, George O. Pasco and Connie D. Pasco, Appellees (Defendants).

No. 5337.

Supreme Court of Wyoming.

Jan. 28, 1981.

Earl R. Johnson, Jr., Casper, for appellants (plaintiffs).

Donn J. McCall, Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellees (defendants), Professional Realty and Jean Koski.

John C. Brooks, Vlastos & Reeves, Casper, for appellees (defendants), Pasco.

Before ROSE, C. J.*, and McCLINTOCK, THOMAS, RAPER** and ROONEY, JJ.

ROONEY, Justice.

Appellants-plaintiffs appeal from an order granting appellees-defendants a summary judgment after treating a motion to dismiss as a motion for summary judgment. Appellants word the issues on appeal as follows:

"1. Can the Court convert a Motion to Dismiss to a Motion for Summary Judgment without notifying the respondent of the change in proceedings and without allowing the respondents an opportunity to oppose the motion as required by the Rules of Civil Procedure?

"2. Do the Pleadings before the District Court fail to present a material question of fact or law regarding Plaintiffs' suit for breach of fiduciary duty by its agents, the Defendants?"

We affirm the action of the district court with reference to these issues, but remand the case for an order relative to $500.00 of the money deposited in court.

Appellants filed a complaint against appellees Professional Realty and Jean Koski, a broker with Professional Realty, alleging that Professional Realty and Jean Koski had obtained an offer from appellees Pasco to purchase appellants' property pursuant to a multi-listing of it; that appellees Professional Realty and Jean Koski as real estate brokers under the multi-listing received a $34,780.00 down payment on the sale from the Pascos; and that such was being held in trust for appellants and should be paid over to them. A copy of the

---

* Chief Justice since January 5, 1981.

** Chief Justice at time of oral argument.

Purchase Offer, Acceptance and Receipt, executed by all parties to this action, was attached to and made a part of the complaint. Although the complaint was primarily one for specific performance, appellants now contend that "the thrust of their suit * * * was for money damages for breach of Appellees' [Professional Realty and Jean Koski] duty as Appellants' agents * * *." Professional Realty and Jean Koski answered the complaint and counterclaimed for interpleader, in which they alleged that they had returned all of the down payment, except $3,000.00 to Pascos when Pascos refused to close the sale, and that the $3,000.00 was tendered into court with a motion to join the Pascos as parties to the action. Pursuant to stipulation, the Pascos were joined, and they alleged in answer to the counterclaim for interpleader that they did not complete the closing of the sale because they purchased another residence, and that the down payment, except for $3,500.00 was returned to them for payment on the other residence. Appellants did not answer the counterclaim for interpleader.

Appellees filed a pleading denominated "Motion to Dismiss" in which they alleged that the appellants had conveyed the involved property to third parties subsequent to the filing of the complaint and that appellants' claim was thus "barred and estopped" since appellants could not perform the agreement on their part. A copy of the deed for the property from appellants to third parties was attached to the "Motion to Dismiss." It reflected a recording date of February 11, 1980.

## NOTICE REQUIREMENT

In a decision letter of May 8, 1980, the trial court advised that it would "treat the motion as a motion for summary judgment" and in the order granting motion for summary judgment, the court found "that defendants' motion to dismiss should be treated as a motion for summary judgment."

In the first issue presented by appellants to us, they speak of the trial court as *converting* a motion to dismiss to a motion for summary judgment. In their briefs and oral arguments, both parties argue from the same premises. They concern themselves with the last sentence in Rule 12(b), W.R. C.P. Rule 12(b) provides:

"(b) *How presented.*—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one (1) or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

■ The motion here filed does not allege the failure to state a claim upon which relief can be granted, i. e., defense numbered (6) in Rule 12(b). Nor does it allege any of the other defenses set forth in Rule 12(b) as a proper basis for a motion to

dismiss. The trial court properly recognized that it was not in truth a motion to dismiss—regardless of the domination used for it by the movant. Since it was not a motion to dismiss, it could not be *converted* to a motion for summary judgment or "treated" as such pursuant to the last sentence of Rule 12(b). However, it could be "treated" as that for which it really was at the time it was filed, i. e., a motion for a summary judgment.[1] The trial court did so. The use of the word "converted" or of the word "treated" is not of major importance. The important distinction is between a motion to dismiss which can be converted to or treated as a motion for summary judgment pursuant to Rule 12(b), and a motion which was in fact initially a motion for summary judgment and which was treated as such regardless of its denomination inasmuch as it did not meet the qualifications of a motion to dismiss. The latter action was the one here taken by the trial court.

"  *  *  *  The entitlement given to the instrument by the defendants was not determinative of its contents and could be ignored.  *  *  *"  *State Highway Commission v. Black*, Wyo., 417 P.2d 750, 754 (1966).

"  *  *  *  [I]t is the content of the pleading and not the label which determines its nature and effect  *  *  *."  *Alexander v. Daugherty*, D.C.Wyo., 189 F.Supp. 956, 958 (1960), affirmed, 10 Cir., 286 F.2d 645 (1961), cert. denied 366 U.S. 939, 81 S.Ct. 1666, 6 L.Ed.2d 849 (1961).

As such it was served at least ten days before the time fixed for the hearing.[2] A copy of the deed which set forth the sale upon which the motion was premised was attached to the motion. Appellants had full notice and opportunity to present opposing

affidavits or other countering evidence before the hearing. Not only did they not do so, but they have not indicated the existence of such evidence, even during this appeal.

Accordingly, appellants' contention that they lacked proper notice is without merit.

## QUESTION OF FACT

The second issue presented to us by appellants asserts the existence of "a material question of fact or law" regarding a breach of "fiduciary duty by" appellants' agents. The correct basis for determination of the propriety of a summary judgment is whether or not there is a genuine issue as to any material fact and, if not, whether or not the movant is entitled to a judgment as a matter of law. Rule 56(c), W.R.C.P.

A careful review of the pleadings reflect that the only allegations of the complaint which are controverted by the pleadings are (1) those which aver that Professional Realty and Jean Koski "are trustees of said funds," and (2) those which aver that Professional Realty and Jean Koski are "presently" holding the same. The question of trusteeship is one which is to be determined through construction of the contract between the parties.[3] When the terms of an instrument are unambiguous, its meaning is to be determined from its language alone. *Hollabaugh v. Kolbet*, Wyo., 604 P.2d 1359 (1980). And the question of its construction is one of law for the court to determine. *Bosler v. Coble*, 14 Wyo. 423, 84 P. 895 (1906); *Engle v. First National Bank of Chugwater*, Wyo., 590 P.2d 826 (1979). The question as to the "present" holding of the funds is not material inasmuch as the funds or their equivalent would have to be turned over to appel-

1. The defense was one properly to be set forth in an answer, if it existed at the time of answer.

2. The motion was served on February 28, 1980. The hearing was held on May 8, 1980.

3. The Purchase Offer, Acceptance and Receipt designated the real estate broker as "agent" of

appellants, but it also set forth the terms and conditions for payment, including the provision that the agent hold the deposit of part payment, i. e., $500.00, "pending exchange of final papers."

lants if the breach of duty were established, whether the funds were "presently" held or whether they had been paid to someone else or squandered.

■ In any event, appellants' right to receive the funds was in consideration of appellants transferring the property to the purchasers by "statutory form of warranty deed." The deed from appellants to third parties, which was presented to the court with the motion, evidenced appellants' inability to fulfill the condition precedent to their right to the payment from the Pascos—through Professional Realty and Jean Koski, or otherwise.

The trial court's decision was based on the impossibility of performance on the part of appellants. The nature of the trust held by appellees Professional Realty and Jean Koski was not pertinent thereto. Certainly, the trial court could not justify allowing appellants to receive double payment for the property.

## JURISDICTION OF DISTRICT COURT

After examination of the provision of the Purchase Offer, Acceptance and Receipt which reads:

"* * * In the event of either the Buyer's or Seller's failure to complete any one or more of the terms and conditions of this agreement within the times stated, or if no time is stated, within a reasonable time, the non-defaulting party may, at his option, treat this agreement as void and of no further force and effect, and both parties shall thereafter be released from all obligations hereunder, or such non-defaulting party may enforce this agreement by an action for specific performance. Provided further, however, that in the event of default by the Buyer, as aforesaid, the Seller, should he elect to treat this contract as void, may retain the aforedescribed deposit as fixed and liquidated damages."

The trial court concluded that the only redress available to appellants was to receive the agreed liquidated-damages amount of $500.00. The court then refused to grant such relief inasmuch as the claim is below the "jurisdictional limits" of the court.

■ District courts have general original jurisdiction in all cases "in which jurisdiction shall not have been by law vested exclusively in some other court." Art. 5, § 10, Wyoming Constitution. A county court has been established in Natrona County. The legislature vested in it exclusive original civil jurisdiction in, among other actions:

"An action where the prayer for recovery is an amount not exceeding four thousand dollars ($4,000.00), exclusive of court costs." Section 5–5–131(a)(i), W.S.1977, 1980 Cum.Supp.

The prayer in this matter was for $34,-780.00 an amount well in excess of $4,000.00. The ultimate amount determined to be recoverable is not the factor upon which jurisdiction is predicated. However, a plaintiff cannot control jurisdiction between the county and district court by setting forth an improper amount in his prayer. The test set forth in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) is appropriate: The sum claimed will control unless it appears that it is not made in good faith; and, to decide that there is a lack of good faith, it must appear to a legal certainty that the claim is really for less than $4,000.00. See *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).[4] The amount is determined as of the time the action is commenced. See *Garza v. Rodriguez*, 5 Cir. 1977, 559 F.2d 259, rehearing en banc denied 5 Cir., 568 F.2d 1367 (1978), cert. denied 439 U.S. 877, 99 S.Ct. 215, 58 L.Ed.2d 191 (1978).

Good faith on the part of appellants in their effort is not here contested. The legal certainty of the amount of the claim was

---

4. Also see Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3702 regarding determination of amounts for federal jurisdiction.

not apparent until the court heard arguments and analyzed the terms of the contract in light of the matters contained in the material submitted with the motion.

The trial court here accepted jurisdiction and entered an order granting appellees' motion for a summary judgment, thus denying appellants' claim for specific performance of the agreement, including performance of that part of the agreement relative to liquidated damages in the amount of the deposit for failure of purchaser to perform. As noted, the trial court's reason for refusing to act on the liquidated-damages provision was the fact that it amounted to only $500.00.

Accordingly, we affirm the disposition of this matter by the trial court except as such pertains to specific performance of the liquidated-damages provision; and we remand with directions to enter a partial summary judgment in favor of appellees on all issues except the issue relative to specific performance of that part of the Purchase Offer, Acceptance and Receipt relative to liquidated damages; and relative to it, a partial summary judgment is to be entered in favor of appellants in the amount of $250.00 [5] all because judgment should be so entered as a matter of law, there being no genuine issue as to a material fact.

5. The agreement provides that the sellers (appellants) are entitled to one-half of the deposit, and the sales agent is entitled to the other half.