Kevin Ross LACEY, Appellant (Plaintiff),

v.

Diane LACEY, Appellee (Defendant).

No. 96–63.

Supreme Court of Wyoming.

Oct. 15, 1996.

Kevin Ross Lacey, Pro Se.

No appearance for Appellee (Defendant).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Kevin Ross Lacey appeals the denial of his motion requesting an order directing the Attorney General of the state of Alaska to locate his former wife and his son. Finding the district court has no jurisdiction to grant this requested relief, we affirm.

Lacey, acting pro se, has not provided the Court with a statement of the issues presented for review. His wife, Diane Stewart, did not submit a brief. Although Lacey has not complied with our rules of appellate procedure, we proceed with our review because the record is straightforward and the jurisdictional issue is obvious and dispositive. *Furman v. Rural Elec. Co.*, 869 P.2d 136, 139 (Wyo.1994).

## FACTS

Lacey was sentenced to state prison for crimes against his wife, Stewart, then pregnant with their son. On February 20, 1992, Lacey was granted a divorce from Stewart. Stewart was awarded the custody of the child and the decree stated she could bring the child for visitation at her own discretion. On December 29, 1994, Lacey moved to modify custody after Stewart did not bring the child for visitation for 32 months. The district court issued an order modifying visitation from Stewart's discretion to monthly visitation and on holidays. The modification also ordered Stewart not to remove the child from the state of Wyoming.

When Stewart still did not bring the child for the ordered visitation, Lacey petitioned the court to initiate contempt proceedings against her. Apparently, Stewart then moved to Alaska with the child. Lacey contended that documents he received from the Child Support Enforcement Division of the Alaska attorney general's office confirmed that Stewart had moved to Alaska. Lacey requested her address from them, but never received it. Lacey then requested that the district court issue an order directing the Alaska Attorney General to notify the court and Lacey of Stewart's address. No ruling was made and Lacey renewed his motion. The court ruled that the request for the order was denied without explanation. Lacey then sought and received a clarification explaining that the district court did not have jurisdiction to issue the order. This appeal followed.

## DISCUSSION

Lacey relies on *Marquiss v. Marquiss*, 837 P.2d 25 (Wyo.1992), and argues that the district court retained jurisdiction to enforce visitation provisions of the divorce decree through a contempt action even though a party has left the jurisdiction. However, Lacey requested that the district court order another state to perform certain acts. This request presents a different jurisdictional issue.

Subject matter jurisdiction is "the power to hear and determine cases of the general class to which the proceedings in question belong." *Fuller v. State*, 568 P.2d 900, 903 (Wyo.1977). The jurisdiction of a court is limited by the principal of immunity of sovereign powers. *Oetjen v. Central Leather Co.*, 246 U.S. 297, 303–04, 38 S.Ct. 309, 311, 62 L.Ed. 726 (1918); 20 AM.JUR.2D *Courts* § 114 (1995). Every sovereign state must recognize the independence of every other sovereign state. *Underhill v. Hernandez*, 168 U.S. 250, 252, 18 S.Ct. 83, 84, 42 L.Ed. 456 (1897). As a sovereign, the state of Alaska is not subject to the Wyoming district court's jurisdiction for the subject matter contained in Lacey's motion. The district court properly ruled that it did not have jurisdiction to grant the order. Affirmed.