MUTUAL OF OMAHA INSURANCE COMPANY, a Nebraska Corporation; United of Omaha Life Insurance Company, a Nebraska Corporation, Appellants (Defendants),

v.

Julie BLURY–LOSOLLA, Cindy Lusher, Larry Hutchinson, Fred Mau, and Donna Lamb, Suing on Behalf of Themselves and All Other Individuals Similarly Situated, Appellees (Plaintiffs).

No. 96–304.

Supreme Court of Wyoming.

Jan. 22, 1998.

Rehearing Denied Feb. 18, 1998.

Patrick R. Day and Donald I. Schultz of Holland & Hart, Cheyenne; and Marilyn S. Kite of Holland & Hart, Jackson, for Appellants (Defendants).

Glenn E. Smith of Glenn E. Smith & Associates, Cheyenne; and John R. Vincent, Riverton, for Appellees (Plaintiffs).

Before TAYLOR, C.J., and THOMAS, GOLDEN and LEHMAN, JJ., and VOIGT, District Judge.

VOIGT, District Judge.

Appellees are five former insurance agents. Appellants are affiliated insurance companies which were appellees' employers. Appellees brought suit on behalf of themselves and as a class action on behalf of approximately 10,000 other similarly situated former insurance agents across the country, seeking damages for the alleged breach of their respective employment contracts. After extensive discovery, and after the district court certified the class, appellants filed a motion to dismiss for lack of subject matter jurisdiction. The district court found "to a legal certainty" that none of the named appellees had a claim for $7,000.00 or more. The motion to dismiss was based on Wyo. Stat. § 5–5–131 (1997), which provides, in pertinent part:

(a) Each county court has exclusive original civil jurisdiction within the boundaries of the state for:

(i) An action where the prayer for recovery is an amount not exceeding seven thousand dollars ($7,000.00), exclusive of court costs[.]

The district court certified to this court, pursuant to W.R.A.P. 11, the following questions of law:

1. Can the separate claims of separate Plaintiffs be aggregated to meet the

$7,000 amount in controversy requirement of Wyo. Stat. § 5–5–131 when none of the individual Plaintiffs' claims equal or exceed $7,000 at the commencement of the lawsuit?

2. If the answer to question number 1 is no for the typical case, should aggregation of separate Plaintiffs' claims nevertheless be permitted to accommodate class action litigation of small claims[1] in district court?

3. Would the judicial aggregation of separate Plaintiffs' claims, to meet the statutory amount in controversy threshold established by the legislature in Wyo. Stat. § 5–5–131, violate Article 5, Section 10 of the Wyoming Constitution, which gives the legislature the authority to define the boundaries of district court jurisdiction?

4. Based upon the record submitted to the district court, and considering all of the arguments asserted by the parties in connection with the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, does the District Court have subject matter jurisdiction over this case?

## I. LEGAL FRAMEWORK

### A. THE COURTS

The jurisdiction of the district courts is defined in Wyo. Const. art. 5, § 10, which states, in pertinent part:

The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for. The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court * * *.

The legislation effectuating this constitutional directive is found in Title 5, ch. 3 (1997) of the Wyoming Statutes.

Wyoming's county courts were not specifically created by the state constitution, but provision for their creation is found in Wyo. Const. art. 5, § 1, which grants to the legislature the authority to establish subordinate courts. The county court statutes are found in Title 5, ch. 5 (1997) of the Wyoming Statutes. The $7,000.00 jurisdictional limit found in Wyo. Stat. § 5–5–131 is the focus of the present controversy. It is clear that, if that particular statute does not give the county court jurisdiction in this case, jurisdiction must lie in the district court under the language of the state constitution. *Matter of Larsen,* 770 P.2d 1089, 1092 (Wyo.1989).

### B. SUBJECT MATTER JURISDICTION

■ The phrase "subject matter jurisdiction" refers to " 'the power to hear and determine cases of the general class to which the proceedings in question belong.' " *Lacey v. Lacey,* 925 P.2d 237, 238 (Wyo.1996) *(quoting Fuller v. State,* 568 P.2d 900, 903 (Wyo. 1977))*; 20 Am.Jur.2d, *Courts,* § 70 (1995). The issue of subject matter jurisdiction is so fundamental that it cannot be waived, can be raised on the court's own motion, and can be raised at any time, even on appeal. *Pawlowski v. Pawlowski,* 925 P.2d 240, 243 (Wyo. 1996). This court has repeatedly emphasized the implications of this precept:

"It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding

---

1. The term "small claims" is not used here as a "term of art" connoting claims filed under the procedures set forth in Title 1, ch. 21, art. 2

(1997) of the Wyoming Statutes, but simply refers to claims for less than $7,000.00.

to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction."

*Boyd v. Nation,* 909 P.2d 323, 325 (Wyo.1996) *(quoting United Mine Workers of America Local 1972 v. Decker Coal Co.,* 774 P.2d 1274, 1283–84 (Wyo.1989)).

When the question of subject matter jurisdiction revolves around the amount claimed, this court has established the following determinative rules: (1) the sum claimed, rather than the amount eventually recovered, controls unless the amount claimed was not done in good faith; (2) to find a lack of good faith, it must appear to a legal certainty that the claim is really for less than $7,000.00; (3) the amount is determined as of the time the action is commenced; and (4) a plaintiff cannot control jurisdiction between the county and district court by setting forth an improper amount in the prayer for relief. *Joslyn v. Professional Realty,* 622 P.2d 1369, 1373 (Wyo.1981).

### C. JOINDER

There are five separate plaintiffs in this case, with individual claims against the affiliated defendants. One lawsuit was brought, rather than five, because the Wyoming Rules of Civil Procedure permit such "joinder." A brief review of the joinder rules may help place this controversy in context.

W.R.C.P. 18 allows a party to join all the *claims* against an opposing party in one suit. W.R.C.P. 19 allows the court to order joinder of all *parties necessary* to adjudicate complete relief. W.R.C.P. 20 provides for *permissive* joinder of *parties* in particular circumstances, such as a right to relief held jointly, or claims arising out of the same transaction or occurrence. W.R.C.P. 21 prescribes remedies for misjoinder and nonjoinder.

W.R.C.P. 23, which provides for class action lawsuits, is not so much a joinder rule as it is a procedural device created to allow named parties to represent the interests of unnamed parties. In fact, class actions are only allowed where joinder is not feasible. W.R.C.P. 23(a)(1). W.R.C.P. 20 and 23 are the focus of the parties' discussion in this case.

The Wyoming Rules of Civil Procedure generally govern procedure in the state's county courts, "to the extent that they are consistent with the subject-matter jurisdiction of county courts * * *." W.R.C.P.C.C. 1.02. However, W.R.C.P. 23—the class action rule—has specifically been excepted from this general application by W.R.C.P.C.C. 1.06:

> The following rules of the revised Wyoming Rules of Civil Procedure shall not apply in county courts, *unless and until county courts have statutory subject matter jurisdiction of cases in which such relief is requested:*
>
> Rule 23 * * *—Class Actions[2]

(Emphasis added.)

The key question becomes, if class actions are not available in county courts, whether named plaintiffs lacking the requisite district court jurisdictional claim amount may nevertheless come before the district court by aggregating their claims for the purposes of a class action lawsuit.

## II. DISCUSSION

Wyoming adheres to the doctrine of separation of powers. Wyo. Const. art. 2, § 1. As part of that doctrine, both statutes and court rules have recognized the distinction between substantive law-making and procedural rule-making. *State ex rel. Frederick v. District Court of Fifth Judicial Dist. In and For Big Horn County,* 399 P.2d 583, 584–86 (Wyo. 1965). Wyo. Stat. § 5–2–114 (1997) sets forth the court's authority to make rules "governing pleading, practice and procedure * * *." *See White v. Fisher,* 689 P.2d 102, 106 (Wyo.1984). Wyo. Stat. § 5–2–115(b) (1997) makes it clear that "[s]uch rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts * * *." *See McGuire v. McGuire,* 608 P.2d 1278, 1290

---

**2.** The situation in Wyoming's justice courts is identical, in that W.R.C.P.J.C. 1(a)(3) makes

W.R.C.P. 23 inapplicable in justice courts.

(Wyo.1980). W.R.C.P. 82 dictates a narrow construction of the rules to ensure this limitation.

Wyo. Stat. § 5-5-131(a)(i) gives the county court *exclusive* jurisdiction over "[a]n action where the prayer for recovery is an amount not exceeding * * * $7,000.00 * * *[.]" This is a clear legislative mandate that such cases may not be heard in the district court. The fact that W.R.C.P. 20—a procedural rule—allows multiple plaintiffs with similar claims to join their separate claims in one lawsuit, cannot and does not change the fact that subject matter jurisdiction lies only in the county court. Likewise, the class action procedures adopted by this court in W.R.C.P. 23 do not contemplate, and could not accomplish, a modification of subject matter jurisdiction via aggregation of claims. Federal precedent, which we find persuasive, disallows aggregation under similar circumstances (amount in controversy under cases involving diversity of citizenship). *See Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) and *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

In their brief, and in oral argument, appellees contend they automatically belong in district court because they mentioned no amount in their prayer for recovery. They remind the court that Wyo. Stat. § 5-5-131(a)(i) gives the county court exclusive jurisdiction only where "the *prayer for recovery* is an amount not exceeding * * * $7,000.00 * * *" and that everything else falls to the district court as the court of general jurisdiction. (Emphasis added.) Under this logic, one can come before the district court simply by failing to assert the jurisdictional amount for county court. While this specious argument deserves little attention, we note that it violates the precept that jurisdiction cannot be controlled by artful pleading tactics. *Joslyn,* 622 P.2d at 1373.

Finally, appellees ask this court to decide in their favor because all class action lawsuits *ought to be* in district court. They point to several factors they believe make the district courts a more appropriate forum for the complications of the typical class action case. While this may well be a good policy argu-

ment, it is not the job of this court to make policy. The setting of the jurisdictional limits of the state's courts is a legislative task. What we cannot do by court rule, neither can we do by individual case opinion. The same can be said of the decision as to whether class actions should be made available in the county and justice courts. At present, W.R.C.P.C.C. 1.06 and W.R.C.P.J.C. 1(a)(3) indicate that such is not the case. Indeed, the language of W.R.C.P.C.C. 1.06 specifically recognizes that it is the role of the legislature to make that decision. We cannot say whether Wyoming's lawmakers would think it a good idea to make class action lawsuits available in the courts of limited jurisdiction.

## III. CONCLUSION

The certified questions are answered as follows:

1. Can the separate claims of separate Plaintiffs be aggregated to meet the $7,000 amount in controversy requirement of Wyo. Stat. § 5-5-131 when none of the individual Plaintiffs' claims equal or exceed $7,000 at the commencement of the lawsuit?

   ANSWER: No

2. If the answer to question number 1 is no for the typical case, should aggregation of separate Plaintiffs' claims nevertheless be permitted to accommodate class action litigation of small claims in district court?

   ANSWER: No

3. Would the judicial aggregation of separate Plaintiffs' claims, to meet the statutory amount in controversy threshold established by the legislature in Wyo. Stat. § 5-5-131, violate Article 5, Section 10 of the Wyoming Constitution, which gives the legislature the authority to define the boundaries of district court jurisdiction?

   ANSWER: Yes

4. Based upon the record submitted to the district court, and considering all of the arguments asserted by the parties in connection with the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, does the District

Court have subject matter jurisdiction over this case?

ANSWER: No

For this court to answer otherwise would require us to blur the line between substantive law and procedural rule, to ignore the unambiguous commands of our state constitution and controlling statutes as to subject matter jurisdiction, and to negate the process by which jurisdictional amounts have heretofore been determined. We hold that in a class action lawsuit, the claim of each and every plaintiff, whether named or unnamed, must meet the minimum jurisdictional limit, and that aggregation of claims for that purpose is not permitted.

This case is remanded to the district court for further proceedings consistent with this opinion.

THOMAS, Justice, concurring specially.

My colleague's dissent in this case has prompted some philosophical reflections of my own. I agree completely with the majority opinion in this case. It is sound in its reasoning, and it is sound in the policy that it embraces.

One of my reflections is pragmatic. The record and briefs inform us that five of the plaintiffs are citizens of Wyoming, while potentially there are 9,995 who are citizens of some other state. Wyoming is a small state with limited judicial resources. While I might share a concern over disenfranchised Wyoming citizens if that eventuality should occur, I am not persuaded that we need to turn our limited resources to the service of thousands of citizens of other states who certainly have the option of pursuing their claims in their home state where they pay taxes and support a judicial system.

Neither am I persuaded that the disparity between the jurisdictional ceilings in justice of the peace courts and county courts leads to some draconian scenario. The word "may" in WYO. R. CIV. P. 23 clearly connotes discretion in the trial court with respect to whether a class action is to be maintained. I trust our district court bench to recognize that it would be inappropriate to permit a class action to go forward in a justice of the peace court county when it could not be maintained in a county court county. I am sure that in such an instance the district court would order that the class action could not be maintained.

LEHMAN, Justice, dissenting.

I respectfully dissent. The majority rephrases the key issue, calling for an answer to a question neither asked by the district court nor briefed by the parties—whether the county courts have jurisdiction to hear class action suits. The answers to the certified questions are not dependent on whether class actions are available in county court, but instead turn on whether the county court is vested with exclusive subject matter jurisdiction over the parties' claims. To the extent the majority suggests county courts are without jurisdiction to hear class actions, I believe that the question is, at the very least, open for debate. In fact, both parties in their briefs assume that the county courts *do* have jurisdiction. This is not an unreasonable assumption. Section 5-5-131(a)(i) of the Wyoming Statutes gives county courts exclusive original civil jurisdiction over cases where the "prayer for recovery is an amount not exceeding seven thousand dollars," and Rule 1.06 of the Wyoming Rules of Civil Procedure for County Courts only precludes application of the rules governing class actions "unless and until county courts have statutory subject matter jurisdiction of cases in which such relief is requested." The majority correctly asserts that our rules of practice and procedure shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts, but in the same breath says it is our own Rule 1.06 which precludes class actions in county court. I find that reasoning inapposite. In any event, the determination of whether the county courts can entertain class action suits is beyond the scope of the certified questions, and we should wait for a properly briefed appeal to determine the issue. *See Wilder v. Cody Country Chamber of Commerce*, 933 P.2d 1098, 1106 n. 2 (Wyo. 1997).

I also part company with the majority insofar as its decision relies on federal prece-

dent. I must agree that our current statutory scheme, as well as Wyoming's constitution and this court's prior precedent, do not allow aggregation of claims to meet the jurisdictional threshold of the district court. However, the reasons for precluding aggregation of claims in the federal courts to achieve diversity jurisdiction do not apply to class actions at the state level. The federal rule against aggregation is based in part on the premise that because diversity cases involve issues of state law, those issues are more appropriately resolved in state courts. The federal policy is also directed at reducing the caseload of federal district courts. The Wyoming legislature has not expressed an intent to limit the number of suits filed in state district courts or to remove district courts as a forum for class actions, nor is there any reason to assume such legislative intent. Therefore, the majority's reliance on federal authority is misplaced.

There are important benefits to be derived from class action suits. A class action offers an economically effective procedure for adjudicating numerous similar, though small, claims. This is particularly true in disputes involving citizens with limited resources who may be prevented from seeking redress unless permitted to band together in a single lawsuit. In addition, class actions can eliminate repetitious litigation and possibly inconsistent adjudications involving common questions, related events or requests for similar relief. Considering these benefits, I am compelled to point out what I perceive to be major deficiencies in the way class actions fit into our current jurisdictional scheme.

If we assume, as does the majority, that county courts cannot hear class action suits, then as a practical matter plaintiffs with individual claims of less than $7,000 have no judicial forum in which to seek relief as a class. Consider, for example, a business entity which erroneously overcharges every Wyoming resident $5 a month for a period of months. Certainly, no one individual will bring a suit because the cost of filing the action would be more than the recovery.

However, the business entity would accumulate thousands if not millions in profit as a result of its wrongdoing, with virtually no risk of legal liability. In effect, any entity who by error or by design bilks Wyoming citizens out of sums which individually fall below the jurisdiction of district courts may be insulated from suit, even though collectively the damages may be quite large.

On the other hand, if we assume that class actions are permitted in county courts, a different set of problems arises. At the county level, Wyoming has either county courts or justice of the peace courts, each with different jurisdictional thresholds. In county court counties, plaintiffs with claims of less than $7,000 would be required to file suit in county court. Because county courts have no minimum jurisdictional amount, plaintiffs with even very small claims could be included in a class action. However, pursuant to Rule 1(a)(3) of the Wyoming Rules of Civil Procedure for Justice of the Peace Courts, the rules governing class actions are inapplicable in justice of the peace courts, without exception. This leads to the bizarre and inequitable result that in justice of the peace counties plaintiffs with claims exceeding $1,000 could bring their claims in the district court,[1] while plaintiffs with claims of $1,000 or less would be precluded from joining a class action at all.

In either case, this scheme defeats the main benefits of class actions because it mandates multiple actions, and perhaps even multiple class actions. For the foregoing reasons, I urge the legislature to consider a statutory enactment which would vest the district courts with exclusive jurisdiction over all class actions regardless of the amount in controversy, provided claimants meet the requirements of W.R.C.P. 23.

---

1. In fact, from the information contained in the record, it appears that had suit been filed in Buffalo (home of named-plaintiff Lusher), the district court would have had jurisdiction, at least over those plaintiffs with claims exceeding $1,000.