# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 61

**APRIL TERM, A.D. 2023**

**June 13, 2023**

MONTY ELLIOTT,

Appellant
(Petitioner),

v.

NATRONA COUNTY BOARD OF
COMMISSIONERS,

Appellee
(Respondent).

S-22-0280

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
Stephen R. Winship, Winship & Winship, P.C., Casper, Wyoming. Argument by Mr. Winship.

*Representing Appellee:*
Eric K. Nelson,* former County Attorney; Charmaine Reed, Acting County Attorney; Jared D. Holbrook, Deputy County Attorney, Natrona County Attorney's Office, Casper, Wyoming. Argument by Mr. Holbrook.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

* An Order Allowing Withdrawal of Counsel was entered on March 17, 2023.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    The Natrona County Board of Commissioners (the Board) denied Monty Elliott's application to transfer a liquor license to him.  The district court dismissed Mr. Elliott's appeal concluding it lacked jurisdiction.  Mr. Elliott appeals asserting that the district court has jurisdiction over his procedural claims.  He contends the Board violated his due process rights because it failed to conduct a contested case hearing in violation of the Wyoming Administrative Procedure Act (WAPA), Wyo. Stat. Ann. §§ 16-3-101 through -115.  He also seeks to hold the individual commissioners liable for violations of the Wyoming Public Meetings Act, Wyo. Stat. Ann. §§ 16-4-401 through -408.  We dismiss for lack of jurisdiction.

*ISSUE*

[¶2]    Mr. Elliott identifies eight issues on appeal.  We find the jurisdictional issue dispositive.

> Did the district court have subject matter jurisdiction to hear a
> direct appeal from the Board's denial of a liquor license
> transfer?

*FACTS*

[¶3]    The basis for Mr. Elliott's transfer application is found in a separate lawsuit between Mr. Elliott and CC Cowboys, Inc. (CCCI).  The district court granted Mr. Elliott partial summary judgment, ordered CCCI's liquor license be transferred to Mr. Elliott and, "[u]pon the approval of said liquor license transfer to Elliott by the Natrona County Commissioners . . . ," the lawsuit would be dismissed.

[¶4]    On July 28, 2021, Mr. Elliott applied to the Board for the transfer of CCCI's liquor license.  Publication of the notice of the application was completed on August 15, 2021.  The application was set for hearing at the August 17, 2021 public meeting.  At that public meeting, the Board heard comments from Mr. Elliott's attorney; the attorney for CCCI's mortgagor, Linlog, LLC (Linlog); the Natrona County Attorney; and Mr. Pilcher, sole stockholder of CCCI.  Mr. Elliott's attorney spoke in favor of the transfer.  The Natrona County Attorney spoke to his understanding that the license would not be actively used, but "parked" at an address in Natrona County until it was sold.  Linlog's attorney spoke against the transfer, expressing concern that the transfer would prevent CCCI from meeting its mortgage payments to Linlog.  Mr. Pilcher spoke against the transfer stating that thirty-five employees would lose their jobs if the license were transferred.  Of the remaining comments, the majority were directed to the legal effect of the district court's partial summary judgment order (requiring CCCI's liquor license to be transferred to Mr. Elliott upon approval of the transfer by the Board).  The Board was uncertain about the legal

1

ramifications of the district court's order and tabled the matter until the meeting scheduled for September 20, 2021.

[¶5]    Between these meetings, the Board received additional information about the potential transfer from the attorneys who spoke at the hearing.  Just prior to the September 20, 2021 meeting, the Board went into executive session joined by the Natrona County Attorney.  At the conclusion of the executive session and in the open meeting, Mr. Elliott's transfer application was brought forward for consideration.  The Chairman announced, "Most of the information that we received [between the last meeting and this one] has [only] been adding more detail to what has already been presented, so at this time we are not going to open the floor for any additional public comments."  By a motion moved and seconded, the Board denied the transfer because "the transfer will adversely affect the welfare of the people residing in the vicinity of the proposed license address."

[¶6]    Mr. Elliott appealed the decision to the district court.  He argued that the Board was required to hold a contested case hearing under WAPA.  He claimed the Board's decision did not comply with WAPA because there was no written decision based on substantial evidence.  He also maintained the Board had violated the Wyoming Public Meetings Act when it determined the outcome of the application in executive session.  The district court found that it lacked jurisdiction to review the proceedings.  Citing to our decision in *Albertson's, Inc. v. City of Sheridan*, 2001 WY 98, 33 P.3d 161 (Wyo. 2001) (where we held a request for transfer of a license is equivalent to an application for a new license), and Wyo. Stat. Ann. § 12-4-104(e) (which limits judicial review to cases involving the renewal of a liquor license and specifically denies review of new license applications), the district court dismissed the appeal.  *Albertson's*, ¶ 6, 33 P.3d at 164; Wyo. Stat. Ann. § 12-4-104(e)–(f).  Mr. Elliott timely filed an appeal.

## STANDARD OF REVIEW

[¶7]    Mr. Elliott claims the district court erred in failing to review his claim under WAPA and his claim for violations of the Wyoming Public Meetings Act.  Mr. Elliott asserts that because these are procedural and not substantive claims, Wyo. Stat. Ann. § 12-4-104(e) does not apply.  Questions of jurisdiction, whether an individual was afforded due process, and statutory interpretation are all questions of law that we review de novo.  *In interest of DT*, 2017 WY 36, ¶ 23, 391 P.3d 1136, 1143 (Wyo. 2017); *Brown v. State*, 2017 WY 45, ¶ 8, 393 P.3d 1265, 1270 (Wyo. 2017); *In re HLL*, 2016 WY 43, ¶ 16, 372 P.3d 185, 189 (Wyo. 2016) (jurisdiction); *In re CDR*, 2015 WY 79, ¶ 19, 351 P.3d 264, 268–69 (Wyo. 2015) (statutory interpretation); *KC v. State*, 2015 WY 73, ¶ 16, 351 P.3d 236, 241 (Wyo. 2015) (due process).

## DISCUSSION

***Did the district court have subject matter jurisdiction to hear a direct appeal from the Board's denial of a liquor license transfer?***

[¶8]  Mr. Elliott argues that due process requires county boards, as agencies subject to WAPA, to hold contested case "trial type" hearings when considering the transfer of a liquor license.[1]  He claims that this procedural issue is separate from the jurisdictional restrictions precluding judicial review of liquor license transfers found in Wyo. Stat. Ann § 12-4-104(e).  He also argues the decision to deny the license transfer was made during the executive session in violation of the open meetings provision found in Wyo. Stat. Ann. § 16-4-403(a).  The Board contends, under a plain reading of Wyo. Stat. Ann. § 12-4-104(e), this Court does not have jurisdiction.

[¶9]  "The phrase 'subject matter jurisdiction' refers to 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Mut. of Omaha Ins. Co. v. Blury-Losolla*, 952 P.2d 1117, 1119–20 (Wyo. 1998) (quoting *Lacey v. Lacey*, 925 P.2d 237, 238 (Wyo. 1996) (quoting *Fuller v. State*, 568 P.2d 900, 903 (Wyo. 1977))).

> The notion that a court must have subject matter jurisdiction before it can act upon a matter is fundamental to the operation of our judicial system.  It is well established that a judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.  As we have explained, [s]ubject matter jurisdiction is essential to the exercise of judicial power.  If a court does not have subject matter jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose.

*Matter of U.S. Currency Totaling $14,245.00*, 2022 WY 15, ¶ 8, 503 P.3d 51, 54 (Wyo. 2022) (internal citations and quotation marks omitted) (quoting *Best v. Best*, 2015 WY 133, ¶ 10, 357 P.3d 1149, 1152 (Wyo. 2015)); *see also MH v. First Jud. Dist. Ct. of Laramie Cnty.*, 2020 WY 72, ¶ 5, 465 P.3d 405, 407 (Wyo. 2020) ("If a court lacks subject matter jurisdiction, 'action taken by that court, other than dismissing the case, is considered to be null and void.'" (quoting *Devon Energy Prod. Co., LP v. Grayson Mill Operating, LLC*, 2020 WY 28, ¶ 11, 458 P.3d 1201, 1205 (Wyo. 2020))).  "If the district court lacked subject matter jurisdiction, this Court has jurisdiction on appeal, not on the merits, but only as to

---

[1] Mr. Elliott does not argue, nor could he, that he had any property right in the transfer of the liquor license. *See Albertson's* where we addressed the question of whether a liquor license was property.  We held that "[A] liquor license is not property as between the licensing authority and the license holder, but it has sufficient attributes of property to be considered property as between private individuals." *Albertson's*, ¶ 29, 33 P.3d at 172 (quoting *Dodds v. Shamer*, 663 A.2d 1318, 1326 (Md. 1995)).

the jurisdictional issue. The absence of subject matter jurisdiction makes dismissal, rather than affirmance, the proper course." *Hall v. Park Cnty.*, 2010 WY 124, ¶ 3, 238 P.3d 580, 581 (Wyo. 2010) (citations omitted).

[¶10] "The right to judicial review of an administrative decision is entirely statutory." *Albertson's*, ¶ 8, 33 P.3d at 164 (quoting *Indus. Siting Council of State of Wyo. v. Chicago & N. W. Transp. Co.*, 660 P.2d 776, 778 (Wyo. 1983)). Title 12, ch. 4, of the Wyoming statutes addresses local liquor licensing procedures applicable to both cities and counties. Wyo. Stat. Ann. § 12-4-101. At issue here is Wyo. Stat. Ann § 12-4-104(e) which imposes limitations on judicial review as follows: "An applicant *for a renewal license or permit* may appeal to the district court from an adverse decision by the licensing authority. *No applicant for a new license shall have a right of appeal from the decision of the licensing authority denying an application.*" Wyo. Stat. Ann. § 12-4-104(e) (LexisNexis 2021) (emphasis added).

[¶11] We specifically addressed whether Wyoming statutes provide an unsuccessful applicant the right to appeal from a city's denial of a transfer request in *Albertson's*. We recognized the "presumption of reviewability" where we presume the right to review is not precluded unless legislative intent to preclude judicial review is "clear and convincing." *Albertson's*, ¶ 8, 33 P.3d at 164 (quoting *Pisano v. Shillinger*, 835 P.2d 1136, 1139 (Wyo. 1992)). We applied the test from *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345, 104 S.Ct. 2450, 2453, 81 L.Ed.2d 270 (1984),[2] and after a thorough review of the applicable statutes, we held that the application for transfer of a liquor license is equivalent to an application for a new license and "appeals by new applicants are categorically denied." *Albertson's*, ¶¶ 9–11, 33 P.3d at 165–67; *see also Vance v. City of Laramie*, 2016 WY 106, ¶ 40, 382 P.3d 1104, 1114 (Wyo. 2016) ("the presumption in favor of review cannot be used to create a right that was not provided by statute and would be inconsistent with the civil service statutory scheme").

[¶12] Mr. Elliott claims our holding in *Albertson's* does not apply here because the transfer in *Albertson's* was denied by the city, an agency not subject to WAPA's provisions. *See* Wyo. Stat. Ann. § 16-3-101(b)(i).[3] He maintains we have held WAPA applies to the transfer of liquor licenses by a county and cites *Glenn v. Bd. of Cnty. Comm'rs, Sheridan Cnty.*, 440 P.2d 1, 3 (Wyo. 1968) (application for liquor license

---

[2] "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Block*, 467 U.S. at 345, 104 S.Ct. at 2453–54. *See also Bowen v. Michigan Acad. of Fam. Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986).

[3] "Agency" means "any authority, bureau, board, commission, department, division, officer or employee of . . . a county[.]" Wyo. Stat. Ann. § 16-3-101(b)(i).

renewal and transfer).[4] He claims, under WAPA, the Board must hold a contested case hearing which is reviewed under a "substantial evidence" standard.[5]

[¶13] We squarely confronted the application of WAPA to the denial of an application for a liquor license in *Walker v. Bd. of Cnty. Comm'rs, Albany Cnty.* There, two parties, the Walkers and Gustafsons, operated competing businesses in Centennial, an unincorporated community in Albany County. *Walker v. Bd. of Cnty. Comm'rs, Albany Cnty.*, 644 P.2d 772, 773 (Wyo. 1982). Both applied for single retail liquor license which became available by virtue of increased population in Albany County. After a public hearing on the issuance of the new retail liquor license, the Board awarded the license to the Gustafsons and denied Walker's application. *Id.* Addressing Walker's argument that WAPA applied to the appeal from the Board's denial of *his* application, we held:

> The right to judicial review of administrative actions is entirely statutory.
>
> > Each statute must be carefully examined to discover the legislature's intent to restrict judicial review of administrative action. While it is often said that barring constitutional impediments the legislature can preclude judicial review, such intent must be made specifically manifest, and persuasive reason must exist to believe such was the legislative purpose. Only upon a showing of clear and convincing evidence of contrary legislative intent should the courts restrict access to judicial review.
>
> Section 9-4-114(a), W.S. 1977, (part of the Wyoming Administrative Procedure Act) provides:
>
> > (a) Subject to the requirement that administrative remedies be exhausted and *in the absence of any statutory or common-law provision precluding or limiting judicial review*, any person aggrieved or

---

[4] In *Glenn*, the holder of a retail liquor license issued by the Board of County Commissioners of Sheridan County filed an application for a change in location of his business premises and requested that his license be **renewed** with the new location. This Court noted with approval that both parties agreed that the application was subject to the contested case provisions under WAPA. The jurisdictional limitations on judicial review of the Board's decision were not at issue. Transfer of the license to a new applicant was not at issue. This decision offers little guidance here. *Glenn*, 440 P.2d at 2–3.

[5] Mr. Elliott also cites to *Naibauer v. Bd. of Platte Cnty. Comm'rs*, 895 P.2d 445, 448 (Wyo. 1995). *Naibauer* is inapt. *Naibauer* addressed the renewal of a liquor license. Wyo. Stat. Ann. § 12-4-104(e) allows for the appeal of license renewals.

> adversely affected in fact by a final decision of an
> agency in a contested case, or by other agency action or
> inaction, or any person affected in fact by a rule adopted
> by an agency, is entitled to judicial review * * *.
> (Emphasis added.)
>
> Inasmuch as the right to judicial review of the denial of their
> application for a liquor license was specifically and positively
> forbidden by the statute, Walkers cannot here contest such
> denial.

*Id.* at 774 (internal citations omitted). The plain language of Wyo. Stat. Ann. § 16-3-114(a), allows judicial review *absent a statute precluding judicial review*. Wyo. Stat. Ann. § 12-4-104(e) precludes judicial review of denial of a liquor license transfer. Mr. Elliott has no right of appeal under WAPA.

[¶14] Mr. Elliott argues that because he has limited his claims to a violation of the Wyoming Public Meetings Act and the Board's failure to follow WAPA, his case is distinguishable from *Albertson's*. He asserts that he is not appealing the denial of the transfer, but *the procedures* used by the Board in reaching its decision. This is a difference without distinction. Wyo. Stat. Ann § 12-4-104(e) unequivocally states, "No applicant for a new license shall have a right of appeal from the decision of the licensing authority denying an application." Mr. Elliott has presented no case law from Wyoming or elsewhere supporting the proposition that a statute precluding appellate review can be parsed between procedural and substantive issues. Our independent research has proved equally fruitless. Mr. Elliott appeals from the Board's decision and seeks to overturn that decision. Mr. Elliott's appeal challenging the Board's decision on procedural grounds is foreclosed by statute. The district court correctly determined it was without jurisdiction.

## *CONCLUSION*

[¶15] "Subject matter jurisdiction is not a subject of judicial discretion." It "either exists or it does not." *Devon Energy*, ¶ 11, 458 P.3d at 1205 (quoting *Weller v. Weller*, 960 P.2d 493, 495 (Wyo. 1998)). The district court did not have subject matter jurisdiction. Appeal dismissed.

6