## O'BRYAN v. STATE.

1. LIQUOR: *Indictment for being interested in sale.*
   An indictment for being interested in the sale of liquor to a minor need not allege the name of the agent who sold it.

2. CRIMINAL PRACTICE: *Indorsing verdict on indictment.*
   It is not necessary to indorse a verdict upon the indictment at all; and if indorsed upon a wrong indictment judgment may nevertheless be entered upon the one on which the trial was had.

APPEAL from *Garland* Circuit Court.
Hon. J. B. WOOD, Judge.

*R. G. Davies*, for appellant.

The indictment does not state who sold the liquor to the minor, which it is submitted it should have done, as no man, whose servant or agent might sell to a minor without his knowledge, could make his defense unless this fact is

stated. We are well aware that this court has decided that a partner is liable for such a sale by his co-partner though he was absent at the time of the sale and had no knowledge of it. *38 Ark., 641; 36 ib., 656.* But we submit that in such a case the name of the person who made the sale should be stated. The language of the statute is, "Any person who shall sell, either by himself or another, or be interested in the sale," etc. Here are two ways named, "either by himself or another." If by another, surely that other ought to be named, or else the defendant, if in ignorance of who made the sale, cannot in the nature of things be prepared to meet the charge until after the witnesses of the state have testified, when it is too late. The court gave an indictment to the jury which "charged a like offense" (see *p. 10, record*) upon which to render their verdict. Upon this indictment they rendered a verdict of guilty; but this was a different indictment and the judgment and verdict was "thereon." See *record, p. 11.* We submit this was error and the court had no right to change the verdict of the jury, but should have granted a new trial, as the jury of course examined the indictment handed them, and applied the facts to it, and not to the other indictment.

*Dan W. Jones,* Attorney-General, for appellee.

The statute prohibiting the sale of liquor to minors does not require the indictment to charge what particular individual sold for the interested party. The indictment follows the statute. *Sec. 1878, Mans. Dig.; 38 Ark., 641.* Appellant knew whom he had employed at the various times to sell for him and might have had them at court if he desired their evidence. It is said that this is very difficult for him to do. It is not proposed to remove difficulties

from the path of the saloon-keeper; he embarks in the business accepting all the hardships accompanying it.

There are two indictments against the appellant for the same offense, numbered 403 and 415 and he was tried on 403. The jury was handed indictment 415, and on this wrote the verdict, finding appellant guilty in general terms and not saying as charged in the said indictment. *Tr., 5.* The clerk inadvertently entered judgment on 415, and the court, when the error was discovered, had it corrected so as to enter judgment in 403. This was proper, as it only corrected a clerical error. The writing the verdict on the wrong indictment was of no effect, as the verdict is not required to be written at all and appellant is not injured and has no just complaint. The judgment should stand.

1. LIQUOR: Indictment against party interested in sale.

COCKRILL, C. J. In charging the offense of being interested in the sale of liquors to a minor, it is not necessary to allege by whom the sale was made, but it is sufficient to follow the language of the statute.

That is the general rule as to statutory misdemeanors, and offenses against the liquor law are not exempt from its operation. Those who embark in the traffic take upon themselves the hazards that accompany it. *State v. Waller, 38 Ark., 656; Robinson v. Warren, ib., 641.*

2. Indorsing verdict on indictment.

*Second*—When the jury retired to consider of their verdict, the court handed an indictment charging a similar offense to the foreman; a verdict of guilty was indorsed upon it, and the clerk entered up the judgment upon the indictment upon which the verdict was rendered. The mistake was discovered and the judgment entered upon the indictment upon which the trial was had. The appellant claims a reversal of the judgment on this ground, but fails to

point out how he was or could have been prejudiced by the action complained of.

He was regularly tried and legally found guilty under the indictment upon which the judgment is entered, and the fact that the jury indorsed the verdict upon another indictment, or upon none at all, is of no concern.

Affirm.