**CITY OF EVANSTON, Wyoming, a municipal corporation, Appellant (Defendant),**

v.

**WHIRL INN, INC., a Wyoming corporation, Appellee (Plaintiff).**

No. 5660.

Supreme Court of Wyoming.

July 16, 1982.

Dennis W. Lancaster and John A. Thomas of Phillips & Lancaster, P. C., Evanston, signed the brief and appeared in oral argument on behalf of appellant.

Jerome F. Statkus of Bagley, Hickey, Evans & Statkus, Cheyenne, signed the brief and appeared in oral argument on behalf of appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

Appellant City of Evanston, while considering whether to renew appellee Whirl Inn, Inc.'s retail liquor license, decided that the license should be restricted such that the sale of alcoholic beverages would be allowed only at appellee's drive-up window. Because Evanston's decision effectively shut down appellee's lounge and disco, Whirl Inn appealed to the district court under § 12–4–104(e), W.S.1977.[1] The district court heard the appeal as a "trial de novo" as provided by § 12–4–104(f), W.S. 1977[2] and decided in Whirl Inn's favor. The City of Evanston was then ordered to renew Whirl Inn's liquor license without the limitations and thus allow appellee to continue to operate its lounge and disco.

The appellant has appealed and set out as issues:

1. "Whether the decision and proceedings leading up to the decision of the city council of the City of Evanston, Wyoming, to grant Whirl Inn, Inc., a retail liquor license to dispense liquor from the liquor store and drive-in window only were so arbitrary and capricious and a violation of fundamental fairness as to justify overruling the council's decision."
2. "Whether the court below abused its discretion and exceeded the applicable

---

1. Section 12–4–104(e), W.S.1977:
 "An applicant for a renewal license or permit may appeal to the district court from an adverse decision by the licensing authority. No applicant for a new license shall have a right of appeal from the decision of the licensing authority denying an application."

2. Section 12–4–104(f), W.S.1977:
 "Upon an appeal the person applying for a license and claiming renewal preference shall be named as plaintiff, with the licensing authority named as defendant. During the pendency of an appeal, a renewal license denied by a licensing authority shall not be granted to any other applicant. Upon notice

of appeal the clerk shall transmit to the clerk of the district court a certified copy of the application, of each protest if any, and of the minutes recording the decision appealed from. *The appeal shall be heard as a trial de novo with evidence taken and other proceedings had as in the trial of civil actions.* The court may accept and consider as part of the record certified documents forwarded to the court by the clerk of the licensing authority. The case shall be heard promptly and the procedure shall conform to the Wyoming Rules of Civil Procedure unless other procedures are provided for or required." (Emphasis added.)

scope and standard of review of the actions of a separate branch of government, namely the governing body of the City of Evanston which is the licensing authority for all retail liquor licenses within its jurisdiction, in reversing the decision of the city council of the City of Evanston."

3. "Whether the court below erred in holding that the holder of a retail liquor license has a constitutionally protected property or liberty interest which the City of Evanston violated."

4. "Whether the court below erred in holding that the City of Evanston has sole responsibility for the conduct of the patrons of the Whirl Inn."

5. "Whether the court below erred in overruling the City of Evanston's motion in limine regarding the testimony of Whirl Inn's witness, Dr. Miracle."

6. "Whether the court below erred in allowing over defendant, City of Evanston's objection, the plaintiff's instruction prohibiting the jury from considering the fact that the City of Evanston had placed the Whirl Inn liquor license on probation for the license year from October 15, 1980, to October 14, 1981."

We will affirm the district court.

Whirl Inn was originally only a restaurant. It was purchased by Jae Dee Kindler and his mother in 1964. They are currently the sole stockholders of Whirl Inn. In 1964, they purchased a liquor license. The license was first used to operate a drive-through at the mother's house. In 1965, the license was reissued for use at the Whirl Inn. Later in 1965, a liquor store, drive-through, and an eight-stool bar was added to the restaurant. In 1972 a second story was built and used for restaurant and band en-

tertainment purposes. In 1974 the second floor became a disco, and the Hideout Lounge became an addition to the liquor store, while the restaurant was discontinued. Evanston, in 1975, issued a liquor license covering all facilities of Whirl Inn, including an additional dispensing room license authorized by § 12–5–201, W.S.1977. That license was renewed in October of each year until 1981.

In 1981, the usual notice was published for the annual renewal hearing set for September 3. At the hearing, two married couples and an elderly woman, homeowners in the neighborhood, appeared and testified under oath about the noise and lack of parking for Whirl Inn customers. According to the testimony, customers were forced to park in adjacent streets in front of neighborhood residences. After the taking of that evidence, the hearing before the city council was continued to October 8 in order to allow Whirl Inn to produce its own evidence refuting the charges made against it. This was allowed since opposition to the renewal had not been expected nor was Whirl Inn prepared at that time to meet it.[3]

At the October 8 hearing, Kindler, testifying for Whirl Inn, disclosed that between the first and second hearings three-fourths of an acre of adjacent land had been purchased to provide additional parking in order to alleviate the complaint that there was inadequate parking for the entire complex.

Additional witnesses were also called. They gave unsworn statements for and against renewal.

The city council minutes of the meeting state only:

---

**3.** All that appears in the minutes of the September 3, 1981 meeting of the Evanston City Council:

"A lengthy discussion took place about the Whirl Inn license, as it was on probation last year.

"Mr. Lancaster was asked to check on the regulations and restrictions that may be placed on this license."

The facts as here indicated were disclosed during the course of the trial de novo. An envelope containing a cassette tape recording of the meeting is included in the record. However, this court requires a transcript of proceedings. Accordingly, our reconstruction of those hearings comes from the evidence taken in the district court. Rules 4.02 and 12.04, W.R.A.P.

"Mrs. Wall made a motion to approve the application of Whirl Inn Inc. for a retail liquor license. Second, Mr. Morgan. A lengthy discussion took place.

"Mr. Albrecht made an amendment to the motion to allow the dispensing of liquor sales from the area of the present liquor store and drive-in window only. Second, Mr. Bills, 3 [no] votes, 4 yes votes, motion passed. Vote on the main motion as amended, 4 yes votes, 3 no votes, motion carried as amended." [4]

There appears nowhere in the city's records any reasons for denying the liquor license in full. There are no findings of fact or conclusions of law.

An appeal was taken to the district court and a motion for a stay of Evanston's denial of appellee's liquor license in full during pendency of the appeal was made. The district court granted the motion. Then, following a trial de novo, it reversed the city's decision limiting the license, thus authorizing Whirl Inn to continue in business as it had under the 1980 liquor license.

I

Before answering the specific questions appellant has listed as issues, an understanding of the law regarding judicial review of a city's liquor-licensing decisions is in order. Section 12–4–101(a), W.S.1977 states, "Incorporated cities, towns and counties within Wyoming shall license and regulate or prohibit the retail sale of alcoholic and malt beverages under this title." In § 12–4–104, W.S.1977, the procedure a licensing authority must follow in considering an application for a license, permit, renewal or transfer is outlined. Of particular import for this case is subsection (b) which provides:

"Any license or permit authorized under this title shall not be issued, renewed or transferred until on or after the date set in the notice for hearing protests. If a renewal or transfer hearing, the hearing

shall be held no later than thirty (30) days preceding the expiration date of the license or permit. A license or permit shall not be issued, renewed or transferred *if the licensing authority finds from evidence presented at the hearing:*

"(i) The welfare of the people residing in the vicinity of the proposed license or permit premises shall be adversely and seriously affected;

"(ii) The purpose of this title shall not be carried out by the issuance, renewal or transfer of the license or permit;

"(iii) The number, type and location of existing licenses or permits meet the needs of the vicinity under consideration;

"(iv) The desires of the residents of the county, city or town will not be met or satisfied by the issuance, renewal or transfer of the license or permit; or

"(v) Any other reasonable restrictions or standards which may be imposed by the licensing authority shall not be carried out by the issuance, renewal or transfer of the license or permit." (Emphasis added.)

Subsection (c), supra fn. 1, authorizes an applicant for a renewal to appeal an adverse decision by the licensing authority. Subsection (f), supra fn. 2, states that "[t]he appeal shall be heard as a trial de novo."

Prior to the adoption in 1965 of the Wyoming Administrative Procedure Act, § 9–4–101 et seq., W.S.1977, appeals from administrative agencies were frequently subject to a trial de novo in the district court. However the hearings were not conducted as trials de novo in the pure sense of that term. Early on this court ruled that administrative agencies had been delegated considerable discretion by the legislature which courts were not free to usurp through the "trial de novo" provisions. In Art. 2, § 1, Wyoming Constitution, the separation of the powers of the three branches of govern-

---

4. Again there is a cassette tape recording of the hearing, but since it was not transcribed, we will rely on the evidence admitted in district court describing the hearing. See fn. 3.

ment was ordered preserved.[5] Accordingly, this court substantially limited the issues which could be heard in a trial de novo. In *Howard v. Lindmier*, 67 Wyo. 78, 214 P.2d 737, 739–740 (1950), it was said:

"* * * Some of the courts have considered the question of trial de novo of a case originating with an administrative board from a constitutional standpoint, holding that administrative powers may not be delegated to the court. Thus we find it stated in 42 Am.Juris. 563 as follows: 'It is a well-settled general principle that nonjudicial functions cannot be exercised by or imposed upon courts, and statutes which attempt to make a court play a part in the administrative process by conferring upon it administrative or legislative, as distinguished from judicial, functions may contravene the principle of separation of powers among the different branches of our government.' The question of trial de novo was considered in *California Co. v. State Oil and Gas Board et al.*, 200 Miss. 824, 27 So.2d 542, 546, 28 So.2d 120. In that case the statute provided that the matter should be tried de novo by the circuit court and that the circuit court should have full authority to approve or disapprove the action of the Board. The court, upholding the constitutionality of the statute insofar as possible held: 'we are of the opinion that an appeal to the Circuit Court with authority "to approve or disapprove the action of the board" may be upheld by limiting its authority in that behalf to the right to conduct a hearing to the extent only of determining whether or not the decision of the administrative agency is supported by substantial evidence, is arbitrary or capricious, beyond the power of the Board to make, or violates some constitutional right of the complaining party.' * * * In the case of *De Mond v. Liquor Control*

*Commission*, 129 Conn. 642, 30 A.2d 547, 549, it appears that the statute provided for a trial de novo in connection with the hearing before a Liquor Board. The court stated, referring to a change of the law and the requirement of a trial de novo: 'Evidently the requirement that there be a trial de novo was intended to change this method of determining an appeal from the liquor control commission. *The issue is still, was there legal and reasonable ground for its action* ; but the court, in reaching its decision, is not confined, as heretofore, to the facts actually or assumed to have been proven before the commission; it conducts an independent inquiry. In this sense only is the trial de novo. * * * the court cannot, on an appeal, substitute its discretion for that vested in the liquor control commission.' " (Emphasis in original.)

Shortly after the *Howard* opinion, this court was again presented with an appeal from an administrative agency's decision. The court acknowledged that *Howard* as well as several other cases stood for the rule that when a statute ordered appeals from an administrative agency to be conducted as trials de novo, the trials by the district court were limited to "whether on the facts proven there was 'an illegal exercise' of the Board's discretion, a case of fraud, or a 'grave abuse of discretion.' " *L. L. Sheep Co. v. Potter*, 67 Wyo. 348, 224 P.2d 496, 498 (1950).

Though both parties discuss *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520 (1957), it is of little import here. There the appellant, Whitesides, had applied for a liquor license renewal at a new location, i.e., a transfer. The city denied his application and appellant appealed. The governing statute (now § 12–4–104(f), supra) authorized appeals only from the denial of a liquor license renewal; no mention

---

5. Art. 2, § 1, Wyoming Constitution provides: "The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

was made of transfers. Appellant argued that nonetheless he was entitled to some kind of judicial review. The supreme court was faced with a two-fold question: whether the appeal from the denial of a transfer was permissible and, if so, whether *Cheyenne*'s decision was arbitrary and capricious. The court said:

> "* * * Without deciding as to whether or not any recourse to the courts may be had in this state in a case like that before us because of the claim that the action of the governing board was arbitrary and capricious, we prefer to consider as to whether or not such arbitrariness and capriciousness appears herein. If it does, it must in any event appear from the record of the governing board in order that the district court can pass upon the matter. It could not, we think, in the first instance, be determined by the court, by evidence taken before it, at least in this case in which there was no pleading before the court to permit it to do so. [Citation.]" 319 P.2d at 525–526.

The question of what could be considered during a trial de novo in the district court was not involved since the appeal was not brought under the predecessor to § 12–4–104(f), supra. That can clearly be seen by the court's limiting the review, which it conducted arguendo, to the record made before the licensing authority. There is no doubt that when a trial de novo is provided, the reviewing court is not limited to the record before the agency. See *Howard*, supra.

With the adoption of the Wyoming Administrative Procedure Act (WAPA) in 1965, the trial de novo provisions were replaced and all judicial review of an administrative agency's action was required to be conducted in accord with what is now § 9–4–114(c), W.S.1977, Cum.Supp.1982.[6] An agency was originally defined in § 9–276.19(b)(1), W.S.1957, Cum.Supp.1975:

> "(b) *Definitions.* —As used in this act:
> "(1) '*Agency*' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, a municipality or other political subdivision of the state, except the state legislature and the judiciary."

In *Glenn v. Board of County Commissioners, Sheridan County,* Wyo., 440 P.2d 1 (1968), this court held that appeals from a liquor-licensing authority were governed by the WAPA since the authorities came within the definition of agency. The most important change that resulted from this was not in the issues presented to the reviewing court, however, since *Howard*, supra, and *L. L. Sheep Co.*, supra, had narrowed the questions to whether there was fraud, an abuse of discretion, or an illegal exercise of discretion and these are substantially the same issues reviewable under § 9–4–114(c), supra. The biggest difference between the two procedures was in what evidence the reviewing court could consider on appeal. Under the WAPA the court could not conduct the independent inquiry authorized by the trial de novo provision and *Howard*, supra, but was substantially limited to the

---

6. Section 9–4–114(c), W.S.1977, Cum.Supp. 1982, provides:

"(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations, or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

administrative record. *Tri-County Electric Association, Inc. v. City of Gillette*, Wyo., 525 P.2d 3 (1974). See also, Rule 12.07, W.R.A.P.

■ In 1977, the Wyoming state legislature amended the WAPA by altering the definition of an agency. That section, currently § 9–4–101(b)(i), W.S.1977, was amended to read:

"(b) As used in this act [§§ 9–4–101 to 9–4–115]:

"(i) 'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town when acting in a legislative capacity, or when hearing appeals from hearings held in accordance with the Wyoming Administrative Procedure Act [§§ 9–4–101 to 9–4–115], the state legislature and the judiciary." (Words underscored were those inserted by the legislature in 1977.)

In 1979 the legislature again amended that subsection deleting the phrase "when acting in a legislative capacity, or when hearing appeals from hearings held in accordance with the Wyoming Administrative Procedure Act." Section 9–4–101(b)(i), W.S.1977, Cum.Supp.1982, now reads:

"(b) As used in this act [§§ 9–4–101 through 9–4–115]:

"(i) 'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature and the judiciary."

As a result, judicial review of liquor-licensing decisions by the governing bodies of cities and towns, as opposed to those by counties, is no longer governed by the WAPA. We must now turn back to § 12–4–104(f), supra, and its trial de novo provision to find what procedure to follow when an appeal is taken from a city or town's decision not to renew a liquor license.

We note then in passing, that since this appeal is from Evanston's decision not to renew Whirl Inn's liquor license, the appeal is taken and processed under a type of proceeding that represents an out-moded concept in administrative law. It requires the application of administrative jurisprudence that for the most part has faded into history, even though still recognized.

We should also note that not only does Evanston's exception from the WAPA alter the standards on judicial review, it also frees the city from certain procedural requirements in its decision making. The loose and inadequate procedures followed and records kept in the hearings before the city council of Evanston may explain why the legislature has retained the trial de novo appeal method. The legislature may be recognizing that cities and towns, particularly the smaller ones, are not equipped to financially and otherwise deal with the technical and formal requirements of the WAPA. Furthermore, reasons may exist that are related to the sensitive nature of the liquor business, associated law enforcement and social problems, the highly regulated nature of the trade, and the presence of political pressures. Not all persons are sympathetic with the use of intoxicating liquors, though their dispensing is a lawful and legitimate business. A fresh, objective view by a court does offer a relief valve from those influences. We do not question the legislative wisdom in providing the appeal procedure it has, even though, as it now stands, liquor decisions by cities and counties are, for purposes of administrative procedure, treated differently.

II

The City of Evanston's first attack on the district court's decision, reversing the city's denial of appellee's liquor-license renewal, challenges the court's finding that the city acted arbitrarily. As discussed previously, when an appeal from an administrative

agency is heard as a trial de novo in district court, the only issues that court may properly consider are whether the agency illegally or arbitrarily exercised its discretion or whether the agency's action was procured by fraud. This limitation is mandated by the separation of powers doctrine found in the Wyoming Constitution, Art. 2, § 1, supra. Here, the court made the specific finding that "the City abused its discretion." It reached that conclusion because it found Evanston's action in the case to be arbitrary and unreasonable.

What constitutes an abuse of discretion was set out in *Howard v. Lindmier*, supra, 214 P.2d at 740:

" * * * The term 'abuse of discretion' has been variously defined. See 1 Words and Phrases Perm.Ed., under that term. Thus it was said in *Sharon v. Sharon*, 75 Cal. 1, 16 P. 345, 366: 'In a legal sense, discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all the circumstances before it being considered.' In *State v. Ferranto*, 112 Ohio St. 667, 148 N.E. 362, 364, 367, it was said: ' "Abuse of discretion. A discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." ' Briefly speaking, the court, in order to overrule [an agency] must have evidence before it to show that the conclusion of the [agency] was wrong and unreasonable. See *Puterman v. Puterman*, 66 Wyo. 89, 205 P.2d 815."

The district court's findings, here, are within the permissible scope of review. The question then becomes, is there sufficient evidence supporting the district court's finding of fact that the city's action was unreasonable or arbitrary.

■ When administrative appeals have been brought to us under the WAPA, this court has said:

"When the district court sits as an appellate court to hear an appeal from an administrative agency, the district court is not entitled to any great deference.

Indeed, in such a case the deference owed the fact finder's determination of fact belongs to the administrative agency, not the district court. *Board of Trustees, Laramie County School District No. 1 v. Spiegel*, Wyo., 549 P.2d 1161 (1976)." (Footnote omitted.) *Wyoming Public Service Commission v. Hopkins*, Wyo., 602 P.2d 374, 377 (1979).

This is because under the WAPA the administrative agency is the trier of fact and the district court decides only questions of law. However, the same is not true when the district court hears the appeal under a statute providing for a trial de novo. The district court then becomes the trier of fact. On appellate review we give deference to the trier of fact's findings. We may reverse in such case as this only if we find that there was insufficient evidence to support the trier of fact's conclusion. The judgment of the district court must be sustained unless it was clearly erroneous or contrary to the great weight of the evidence. *City of Rock Springs v. Police Protection Association*, Wyo., 610 P.2d 975 (1980).

■ We are satisfied there was more than enough evidence presented to establish the arbitrariness and unreasonableness of the city's decision. The evidence presented to the court showed: (1) the complaints from the neighbors concerned parking problems, trespassing by Whirl Inn's patrons, excessive noise, fighting, littering, and vandalism; (2) Whirl Inn took affirmative steps to alleviate the parking problems by expenditure of $250,000 to purchase a parking lot and thus reduce the likelihood that patrons would be walking about and parking their vehicles in front of residences in the neighborhood; (3) employees of Whirl Inn had been instructed to supervise to the extent possible the conduct of patrons outside; (4) employees were ordered to help clean up litter in the neighborhood; and (5) no evidence was presented establishing that Whirl Inn was guilty of chronic violations of the law or that it was itself guilty of reprehensible conduct. The evidence failed

to show: the welfare of the people in the neighborhood would be adversely affected, the purpose of liquor regulation would not be served, the desires of the residents of Evanston would not be satisified, and that any other restriction imposed by Evanston would not be met if the license was fully renewed as required by § 12–4–104, W.S. 1977, supra. The evidence showed that if the establishment was substantially shut down, it would create a heavy financial loss to the capital investment of its owners by destroying its business and be unfair on its face in the light of all the circumstances. The city's action further ignores § 12–4–104(c), supra, providing a preference "right" to a new license for the same location. The owners are entitled to fair treatment by Evanston which the evidence fails to reveal, particularly in light of the fact that they had operated the business for some seventeen years. We agree with the district court that Evanston's action was an abuse of discretion.

We might also note our general agreement with the trial judge's observation that upon future consideration of renewal, Evanston may refuse to renew, in the presence of proper facts and proceedings, because the license holder's privilege is not irrevocably vested but is only a privilege.

### III

■ Next, Evanston asserts that the district court, in reaching its decision, exceeded the proper scope of review. It is unclear exactly what the city is trying to say here in its argument. But, it must be remembered that if the determination of a trial court is correct on any theory, it will not be disturbed. *ABC Builders, Inc. v. Phillips*, Wyo., 632 P.2d 925 (1981).

■ A decision by a city not to renew a liquor license is by statute subject to judicial review. Pursuant to that review a district court may reverse the city's action if it determines in a trial de novo that the

city abused its discretion. That is precisely what the district court decided; the fact that the district court attempted to justify its reversal on other bases is of little import. If it considered irrelevant evidence in the trial de novo, any error was harmless. There is substantial evidence supporting the district court's findings of fact.

### IV

■ Evanston's third claim of error contests the district court's conclusion that the owner of a retail liquor license has a constitutionally protected property interest in the license. We need not address this issue since the district court's decision that the city's action unconstitutionally denied Whirl Inn its property was in addition to its finding of an abuse of discretion. Because we have already found the latter conclusion a permissible basis for the district court's reversal, we need not consider the district court's alternate basis for its action. We must affirm the district court if its decision can be sustained on any theory. *Gardner v. Walker*, Wyo., 373 P.2d 598 (1962).

### V

■ Appellant's fourth claim is that the district court "erred in holding that the City of Evanston has sole responsibility for the conduct of the patrons of the Whirl Inn." However, appellant mischaracterized the district court's finding. The district court indicated that the city could not pin the blame on Whirl Inn for the crime in the area surrounding it. It observed that "[c]rime prevention, apprehension and prosecution are the responsibility of the sovereign." That is correct. The district court further found that the evidence disclosed that Whirl Inn had responded to complainants in an affirmative manner and had been cooperative; Whirl Inn was not guilty of any "reprehensible conduct." Accordingly the district court concluded that no justification for the city's action could be found in the manner in which Whirl Inn conducted its business. We agree.

## VI

Appellant's next claim of error arises in connection with Evanston's motion in limine objecting to the testimony of Dr. Brian Miracle, a clinical psychologist. Appellant claims that Miracle's testimony concerning the value of bars as socialization centers in boom towns was irrelevant and should have been ruled inadmissible.

 Section 12–4–104(f), supra fn.2, provides that the trial de novo conducted on appeal in district court should be heard in conformity with the Wyoming Rules of Civil Procedure. We believe that the Wyoming Rules of Evidence must also apply. Accordingly, the admissibility of evidence in a trial de novo is governed by those rules. Rule 402, W.R.E., provides:

> "All relevant evidence is admissible, except as otherwise provided by statute, by these rules, or by other rules prescribed by the Supreme Court. Evidence which is not relevant is not admissible."

Rule 401, W.R.E. defines relevant evidence:
> "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Questions concerning the admissibility of evidence rest within the sound discretion of the trial court. *Sanville v. State*, Wyo., 593 P.2d 1340 (1979). A trial court's ruling as to the admissibility of evidence is entitled to considerable deference on appeal. *Hopkinson v. State*, Wyo., 632 P.2d 79 (1981). As long as there exists a legitimate basis for the trial court's ruling, we will not reverse it on appeal. *Vasquez v. State*, Wyo., 623 P.2d 1205 (1981).

 The district court ruled the evidence relevant and admissible. Specifically the court said the testimony would help "to fully develop the facts that might not otherwise have been developed at the very

minimal hearings" held by the city. Obviously the court wanted to hear what kind of justification existed in favor of a renewal of Whirl Inn's liquor license. In deciding whether the city's decision was an abuse of discretion such evidence would clearly be helpful. We must conclude that a legitimate basis for the evidence's admissibility existed. Accordingly we find no error here.

## VII

 The final issue appellant raises concerns the instructions given the advisory jury. In the district court, under the de novo approach, the application of the Wyoming Rules of Civil Procedure is specifically provided for. Pursuant to Rule 39(c), W.R. C.P., the trial judge may impanel an advisory jury:

> "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury, or, except in actions against the State of Wyoming when a statute provides for trial without a jury, the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

Neither Whirl Inn or Evanston requested a trial by jury, but they stipulated to a six person advisory jury. The jury found that the evidence did not support the city's action in limiting Whirl Inn's license in the fashion it did. However, the trial judge in his judgment specifically made his finding independent of the jury's advice. As said in 5 Moore's Federal Practice § 39.10[3]:

> "By its nature, the function of the advisory jury is to enlighten the conscience of the trial court and the jury's verdict has no binding effect upon the court. The trial court may, of course, believe that the advisory verdict represents a correct result and make findings in accordance therewith. * * *" (Footnotes omitted.)

The district court's decision to reverse was independent of the advisory jury. As the court said:

"* * * assuming that in spite of the findings of the Court and Jury, the City still had discretion to renew or deny the license, was the final decision of the City arbitrary, capricious or characterized by an abuse of discretion?

"The Court concludes the City abused its discretion."

██ Since we have already upheld the district court's finding and further since that finding was made independent of the advisory jury's verdict, the issue of whether the jury instruction was correct is moot.

Affirmed.