2001 WY 98

ALBERTSON'S, INC., a Delaware corporation, licensed to do business in Wyoming; and Jackson Electric, Inc., a Wyoming corporation, Appellants (Petitioners),

v.

The CITY OF SHERIDAN, Wyoming; and the City Council of the City of Sheridan, Wyoming, Appellees (Respondents).

No. 00–258.

Supreme Court of Wyoming.

Oct. 17, 2001.

Anthony T. Wendtland of Davis & Cannon, Sheridan, WY, Representing Appellant Albertson's, Inc.

Virgil G. Kinnaird, Sheridan, WY, Representing Appellant Jackson Electric, Inc.

Stephen K. Gregersen, City of Sheridan, Sheridan, WY; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Joseph J. Simola and Craig Trummel, Student Interns, Representing Appellees.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Jackson Electric, Inc. assigned its liquor license to Albertson's, Inc. pending transfer approval by the licensing authority, the City Council of the City of Sheridan. Albertson's made application for the transfer, a public hearing was held, and the City Council voted to deny the request. Albertson's and Jackson Electric appealed to the district court and demanded a trial de novo pursuant to Wyo. Stat. Ann. § 12–4–104 (LEXIS 1999).[1] The City of Sheridan filed a motion to dismiss asserting there is no legal right to appeal from the denial of a request to transfer a liquor license. The district court dismissed the appeal, and we affirm.

---

1. Section 12–4–104(e) provides:

(e) An applicant for a renewal license or permit may appeal to the district court from an adverse decision by the licensing authority. No applicant for a new license shall have a right of appeal from the decision of the licensing authority denying an application.

## ISSUES

[¶ 2]   Albertson's presents the following issue:

Whether Albertson's, Inc. and Jackson Electric, Inc. can be denied judicial review of the City of Sheridan's December 6, 1999 denial of their Application to transfer an existing retail liquor license?

Jackson Electric phrases the issue:

Did the District Court err by granting the motion of Appellee City of Sheridan, Wyoming and City Council of the City of Sheridan, Wyoming to dismiss Appellant Albertson's, Inc. and Appellant Jackson Electric, Inc.['s] appeal of City of Sheridan's denial of application to transfer liquor license?

The City of Sheridan and the City Council responsively submit two questions for review:

I.   Does the holder of a liquor license or the prospective transferee of that license have a right to appeal to the district court from the City Council's denial of an application to transfer the license?

II.   Did the Sheridan City Council's denial of the transfer of the liquor license constitute a taking of the licensee's property without due process of law?

## FACTS

In January of 1999, Jackson Electric assigned to Albertson's its rights to retail liquor license no. 11 issued by the City of Sheridan.  The assignment was made subject to approval of the City of Sheridan and all provisions and conditions of the Wyoming statutes relating to retail liquor licenses.  It is uncontested that Jackson Electric held a valid City of Sheridan liquor license during 1999, which was renewed in November of 1999.

[¶ 4]   On or about November 2, 1999, Albertson's submitted a "License and/or Permit Application" to the City Clerk–Treasurer's office for the transfer of both the location and the ownership of the Jackson Electric liquor license.  A "Notice of Application for Transfer of Location and Ownership of a Regular Retail Liquor License" setting the matter for hearing on December 6, 1999, was published by the City Clerk–Treasurer.

[¶ 5]   At the hearing, counsel for both Albertson's and Jackson Electric were permitted to make comments and answer questions. Comments were also taken from members of the public, including Sheridan business owners and other liquor dealers.  Subsequently, upon motion and vote, the City Council denied the requested transfer. The proceedings were memorialized in the minutes of the City Council meeting as follows:

A public hearing on transfer of ownership and location of a retail liquor license from Jackson Electric dba XL, 661 Broadway to Albertson's, Inc. dba Albertson's # 832, 1865 Coffeen Avenue was opened at 7:10 P.M. After comments by proponents and opponents the public hearing was closed at 8:37 P.M.

Councilor Tyra moved, seconded by Webster, to table the approval of the transfer.  Council defeated the motion; voice vote, Councilors Tyra and Webster affirming.

Councilor Blank moved, seconded by Severs, approval of the transfer of ownership and location of a retail liquor license from Jackson Electric dba XL, 661 Broadway to Albertson's, Inc. dba Albertson's # 832, 1865 Coffeen Avenue.  Council disapproved the motion;  roll call vote, aye 1, nay 5, Councilor Blank affirming.

[¶ 6]   Pursuant to W.R.A.P.  1.04  and § 12–4–104, Albertson's and Jackson Electric filed a joint "Notice of Appeal of Denial of Application to Transfer Renewal Liquor License and Demand for Trial De Novo" with the district court.   Thereafter, the parties entered into a stipulation to certify the key issue to this court and framed it in the following manner:

If a City denies a request pursuant to W.S. 12–4–104 (1999) to transfer an existing and recently renewed liquor license from an entity holding it to another entity, does W.S. 12–4–104(e) (1999) provide or preclude the entity seeking transfer of the license or the entity seeking to transfer the license an appeal of the denial and obtain a trial de novo in District Court?

The district court certified the question to the Wyoming Supreme Court, but this court

declined to answer the question. The City of Sheridan then filed a motion to dismiss in district court asserting that Wyoming law provided no right to appeal from the City Council's denial of the requested liquor license transfer. The district court issued a decision letter and order dismissing the appeal, and Albertson's and Jackson Electric jointly appealed.

## STANDARD OF REVIEW

[¶ 7] The issue to be addressed is whether the district court properly ruled that Wyoming statutes do not provide a right to appeal from the denial of a transfer request. "The question is one of statutory interpretation. Statutory interpretation is a question of law; therefore, our standard of review is *de novo.*" *Anderson Highway Signs and Supply, Inc. v. Close,* 6 P.3d 123, 124 (Wyo. 2000). As we have noted: "In interpreting statutes, we primarily determine the legislature's intent. If the language is sufficiently clear, we do not resort to rules of construction. We apply our general rule that we look to the ordinary and obvious meaning of a statute when the language is unambiguous." *Kirbens v. Wyoming State Board of Medicine,* 992 P.2d 1056, 1060 (Wyo.1999) (citations omitted). We construe together all parts of the statutes in pari materia, and, in ascertaining the meaning of a given law, we consider and construe in harmony all statutes relating to the same subject or having the same general purpose. *Thunderbasin Land, Livestock & Investment Co. v. County of Laramie County,* 5 P.3d 774, 779 (Wyo.2000).

> When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent.

*State ex rel. Motor Vehicle Division v. Holtz,* 674 P.2d 732, 736 (Wyo.1983). When the legislature adopts a statute, we presume it does so with full knowledge of the existing state of the law with reference to the stat-ute's subject matter. *Thunderbasin Land, Livestock & Investment Co.,* 5 P.3d at 780.

> All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of law with reference thereto and statutes are therefore to be construed in harmony with the existing law, and as a part of an overall and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to the decisions of the courts.

*Voss v. Ralston,* 550 P.2d 481, 486 (Wyo. 1976); *see also Fosler v. Collins,* 13 P.3d 686, 689 (Wyo.2000).

## DISCUSSION

[¶ 8] "The right to judicial review of an administrative decision is entirely statutory. Said another way, judicial review is not available unless made so by statute." *Industrial Siting Council of State of Wyoming v. Chicago and North Western Transportation Company,* 660 P.2d 776, 778 (Wyo. 1983). Therefore, we must determine whether judicial review from a city's denial of a liquor license transfer application is made available by statute. "We have adopted the view that when we are analyzing the availability of judicial review of administrative decisions the interests of Wyoming are best served by a policy which leads to reviewability in most instances." *Pisano v. Shillinger,* 835 P.2d 1136, 1138–39 (Wyo.1992). In harmony with the "presumption of reviewability" is the concept that the right to review is not precluded unless legislative intent to preclude judicial review is clear and convincing. 835 P.2d at 1139. As explained by the United States Supreme Court:

> "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." [*Block v. Community Nutrition Institute,*] 467 U.S. [340,] 345, 104 S.Ct. [2450,] 2453[, 81 L.Ed.2d 270 (1984)]. *See also Bowen v. Michigan*

*Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). *Id.* On this authority, we will evaluate the applicable statutes to determine whether they preclude judicial review of a city council's denial of a liquor license transfer request.

**A. Express Language of "Local Licenses" Provisions of Title 12, Chapter 4**

[¶ 9] Section 12–4–104 is entitled "Publication of notice; grant or denial; renewal preference; copy of application and notice to commission; judicial review" and provides in relevant part:

(a) When an application for a license, permit, renewal or any *transfer* of location or ownership thereof has been filed with a licensing authority, the clerk shall promptly prepare a notice of application, place the notice conspicuously upon the premises shown by the application as the proposed place of sale and publish the notice in a newspaper of local circulation once a week for four (4) consecutive weeks. The notice shall state that a named applicant has applied for a license, permit, renewal or *transfer* thereof, and that protests against the issuance, renewal or *transfer* of the license or permit will be heard at a designated meeting of the licensing authority. Each applicant shall, at the time of filing his application, pay the clerk an amount sufficient to cover the costs of publishing notice. Notices may be substantially in the following form:

NOTICE OF APPLICATION FOR A....

Notice is hereby given that on the .... day of .... (year) (name of applicant) filed an application for a .... license (permit), in the office of the clerk of the city (or town or county) of .... for the following described place (and room) (insert description) and protests, if any there be, against the issuance (*transfer* or renewal) of the license (permit) will be heard at the hour of .... M., on the .... day of .... (year), in the (meeting place of the governing body).

Dated ........    Signed ............

(b) Any license or permit authorized under this title shall not be issued, renewed or *transferred* until on or after the date set in the notice for hearing protests. If a renewal or *transfer* hearing, the hearing shall be held no later than thirty (30) days preceding the expiration date of the license or permit. A license or permit shall not be issued, renewed or *transferred* if the licensing authority finds from evidence presented at the hearing:

(i) The welfare of the people residing in the vicinity of the proposed license or permit premises shall be adversely and seriously affected;

(ii) The purpose of this title shall not be carried out by the issuance, renewal or *transfer* of the license or permit;

(iii) The number, type and location of existing licenses or permits meet the needs of the vicinity under consideration;

(iv) The desires of the residents of the county, city or town will not be met or satisfied by the issuance, renewal or *transfer* of the license or permit; or

(v) Any other reasonable restrictions or standards which may be imposed by the licensing authority shall not be carried out by the issuance, renewal or *transfer* of the license or permit.

(c) The owner and holder of an expired liquor license or permit or one due for expiration has a preference right to a new license for the same location. After the required notice and a public hearing, each application claiming renewal preference shall be promptly considered and acted upon by the licensing authority.

. . . .

(e) *An applicant for a renewal license or permit may appeal to the district court from an adverse decision by the licensing authority. No applicant for a new license shall have a right of appeal from the decision of the licensing authority denying an application.*

(f) Upon an appeal the person applying for a license and claiming renewal preference shall be named as plaintiff, with the licensing authority named as defendant. During the pendency of an appeal, a re-

newal license denied by a licensing authority shall not be granted to any other applicant. Upon notice of appeal the clerk shall transmit to the clerk of the district court a certified copy of the application, of each protest if any, and of the minutes recording the decision appealed from. The appeal shall be heard as a trial de novo with evidence taken and other proceedings had as in the trial of civil actions. The court may accept and consider as part of the record certified documents forwarded to the court by the clerk of the licensing authority. The case shall be heard promptly and the procedure shall conform to the Wyoming Rules of Civil Procedure unless other procedures are provided for or required.

(Emphasis added.) The express language of § 12–4–104(e) only grants a right of appeal to applicants for renewal licenses or permits, and appeals by new applicants are categorically denied. The appeal procedure set forth in § 12–4–104(f) notably does not refer to appeals in a generic context. On the contrary, the first sentence of the subsection expressly limits the parties to an appeal: "Upon an appeal the person applying for a license and claiming renewal preference shall be named as plaintiff, with the licensing authority named as defendant." Section 12–4–104(f).

[¶ 10] Neither § 12–4–104(e) nor § 12–4–104(f), which specifically set out appeal rights and procedures, mentions the term "transfer" or its derivations. This is relevant because the term is referenced at least ten separate times throughout the other subsections of § 12–4–104. Further, all the "Local Licenses" provisions of Title 12, Chapter 4 (§§ 12–4–101 to 702) taken together mention the term "transfer" or its derivations over thirty times. The frequent usage of the term throughout the "Local Licenses" provisions, and § 12–4–104 itself, makes the absence of its use in § 12–4–104(e) and § 12–4–104(f) conspicuous. We conclude the exclusion of the term "transfer" from the provisions governing appeals is not a mere oversight, but rather it evidences an affirmative legislative choice to limit such appeals.

[¶ 11] Also relevant to the interpretation of the language of § 12–4–104 is the express language of Wyo. Stat. Ann. § 12–4–601(a) (LexisNexis 2001), which provides in pertinent part: "(a) After public hearing and with the approval of the licensing authority, a license or permit may be transferred to or renewed on different premises *on the same basis as the original application.*" (Emphasis added.) The language chosen for this provision clearly establishes a transfer applicant for a different location is on the same footing as a new applicant. A renewal applicant, on the other hand, has a preference right, pursuant to § 12–4–104(c), which is not provided to a transfer applicant. This statute is consistent with authority holding a transfer license is to be treated in the same manner as an original application.

An application to a licensing board by the holder of a liquor license and a proposed transferee thereof for approval of the transfer is in effect an application by the proposed transferees for a license and should be dealt with as if it were an original application.... Whether to approve a transfer is at the discretion of the agency.

45 Am.Jur.2d *Intoxicating Liquors* § 172 at 701 (1999).

[T]he requirements for change of license location are the same as those for obtaining a license, and the duties and authority of the [liquor licensing authority] are the same. It is urged ... that the holder of a license is entitled to more favorable consideration than an applicant for a new license and that the same is true of an applicant for change of location. We cannot so adjudge. We have repeatedly held that it was the intention of the legislature to vest a wide discretion in local licensing authorities. In the case of *Board of County Commissioners of Gunnison County v. Buckley,* 121 Colo. 108, 213 P.2d 608, 612, involving an application for renewal of a license, we stated: "The defendant board was not bound by any prior action of any licensing authority with relation to the facts pertaining to the issuance of any license for former years, but was called upon to exercise its own discretion as of the date of the new application. Conceivably the licensing authority passing upon

the new application, in the exercise of its discretion, might with propriety reject an application which a former board, upon the same facts, had approved, and in so doing the board would not, of necessity, be guilty of an abuse of discretion, or an arbitrary and capricious exercise thereof. There is no vested right in a licensee to continue in the liquor business beyond the expiration of the date of the license under which he operates." Equally, there is no vested right in a licensee to move the location of his license, and, upon application so to do, the court may, and should, consider the same as in [the] case of [an] application for a new license. The statute requires it be given like consideration.

*MacArthur v. Martelli,* 127 Colo. 308, 255 P.2d 969, 969–70 (1953) (en banc).

[¶ 12] Likewise, in *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520 (1957), this court indicated transfer applications should be considered as original applications. At the time *Whitesides* was decided, § 53–205, W.C.S.1945, the predecessor of § 12–4–104, did not reference the term "transfer." The applicant, who had a liquor license for a number of years at the Frontier Hotel, applied for a new license to be issued for another location. He did so by completing the regular form but marked it "Retail Liquor License and renewal thereof at new location." 319 P.2d at 521. Addressing the question of whether this license had the characteristics of a "renewal" with rights of appeal, Chief Justice Blume stated in relevant part:

Unlike the provisions in many other states, the legislature in this state has seen fit not to grant the right of appeal in all cases. Such right is distinctly limited. It is not given when an applicant wants an original license and which is denied. It is limited to those applying for a renewal.... Counsel for applicant contends, if we understand him correctly, that the right of renewal granted by statute means a new license without reference to its terms, that is to say, even though a location different from that mentioned in the license sought to be renewed is asked for, the change of location makes no difference whatever. Of course that cannot be true, particularly in view of the importance attached by various provisions of our statutes to the place for dispensing liquor. We cannot follow counsel's reasoning. When oxygen is combined with hydrogen, the former loses its identity. An entirely different element arises. So when the demand for a new license which is limited to a certain place is combined with a demand for a change of location, an entirely new situation comes into existence....

... When, accordingly, the statute speaks of the renewal of a license, it speaks of one which contains the same terms and conditions of the old license, namely, one which permits the sale of intoxicating liquor at the same place as permitted in the old license. It is the denial of that kind of license from which an appeal may be taken to the district court and not from the denial of another kind....

. . . .

In this case we should probably consider the application of the applicant as an original application for a license. There are many cases holding that where the statute provides for no appeal to the courts, or forbids it, as our state does except to a limited extent, the action of the governing board is final. *Scott v. Township Board of Arcada Tp.,* 268 Mich. 170, 255 N.W. 752; *State ex rel. Renner v. Noel,* 346 Mo. 286, 140 S.W.2d 57; *Marsh v. Alcoholic Beverage Commission,* 54 R.I. 57, 169 A. 747; *Duncan v. Superior Court of Pinal County,* 65 Ariz. 193, 177 P.2d 374; *Minkoff v. Payne,* 93 U.S.App.D.C. 123, 210 F.2d 689; *Appeal of Zeltner,* 174 Pa.Super. 98, 100 A.2d 132; *Jones v. Kellogg,* Tex.Civ.App., 140 S.W.2d 592; *State of Texas v. Lemaster,* Tex.Civ.App., 275 S.W.2d 164; *Ziebell v. Hall,* Tex.Civ.App., 220 S.W.2d 899.

319 P.2d at 523–25.

[¶ 13] As we noted in *Walker v. Board of County Commissioners, Albany County,* 644 P.2d 772, 776 (Wyo.1982), although the *Whitesides* court "questioned the propriety of an appeal" from the denial of a transfer request, it nevertheless went on to examine the record and concluded there was no abuse of discretion or arbitrary action on the part

of the city council. In the instant appeal, the issue of whether the denial of a transfer request by the governing body of a city can be appealed is now squarely before us for definitive resolution.

[¶ 14] The express language of the statutes provides only a right of appeal from a denial of a renewal request. No express right of appeal is made available from a denial of a transfer application. Further, the statutes mandate a transfer request be treated on the same basis as an original application for a liquor license. An appeal from the denial of an original application is specifically precluded. Therefore, through deductive reasoning, no appeal is available from the denial of a transfer application. In this case, Albertson's application was clearly for a transfer and not a renewal. The license in question had been renewed immediately prior to the hearing on the application to transfer the license.

## B. Structure of the Statutory Scheme and Objectives

■ [¶ 15]

It is a fundamental principle that there is no inherent right in a citizen, or any one, to sell intoxicating liquors by retail, and that there is not a vested right in any person to have a liquor license. *Crowley v. Christensen,* 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620; *Ex parte Levy,* 43 Ark. 42. "As it is a business attended with danger to the community, it may ... be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only." *Crowley v. Christensen, supra.*

*State ex rel. Noble v. City Council of City of Cheyenne,* 7 Wyo. 417, 52 P. 975, 979 (1898); *see also Berry v. Arapahoe and Shoshone Tribes,* 420 F.Supp. 934, 941 (D.Wyo.1976).

■ [¶ 16] It has been long established that the legislature may control and regulate the sale of intoxicating liquors for the protection of the people. "The purpose of the local licensing provisions found in §§ 12–4–101 to 702, W.S.1977, is the exercise of regulatory control by licensing authorities over those who engage in the retail sale of intoxicating liquors in Wyoming." *Sterner v. United States,* 774 P.2d 639, 643–44 (Wyo.1989). In this regard, the "Local Licenses" provisions (§§ 12–4–101 to –702) supply the regulatory framework and procedural requirements for issuance of liquor licenses.

> A part of that [regulatory] control is to limit the period for which a license may be in existence and to periodically require licensees to justify their continuing privilege to engage in the business of retail liquor sales. Thus, a limitation upon the right to transfer, voluntarily or involuntarily, to the particular license ... is consistent with state policy.

774 P.2d at 644. This court has specifically acknowledged the regulatory purpose and nature of Wyo. Stat. Ann. § 12–4–601 (LexisNexis 2001).

> The requirement that liquor licenses only be transferred according to W.S. 12–4–601 serves to assure that the regulatory authorities can administer the licensing process in an orderly fashion and that "the operator of [a] retail liquor establishment ... be exposed to the scrutiny of the licensing process including a public hearing." *Kurpjuweit v. Northwestern Dev. Co., Inc.,* 708 P.2d 39, 46 (Wyo.1985).

*Dubray v. Howshar,* 884 P.2d 23, 28 (Wyo. 1994).

■ [¶ 17] A liquor license is a mere privilege, which is at all times in the control of the legislature. 45 Am.Jur.2d *Intoxicating Liquors* § 177 (1999). We conclude § 12–4–104(e), which grants the right of appeal only to applicants denied renewal of a license, and § 12–4–601(a), which requires a transfer applicant be considered "on the same basis as the original application," are consistent with the legislature's broad authority and the regulatory purpose of the "Local Licenses" provisions.

## C. Legislative History

[¶ 18] In 1933, the legislature repealed the prohibition statutes and enacted regulatory legislation governing the issuance of liquor licenses.[2] 1933 Wyo. Sp. Sess. Laws ch. 61. This legislation gave incorporated cities and towns the authority to regulate or prohibit the sale of liquor. This authority encompassed the right to revoke any license at any time for good and sufficient reason for any act committed by the licensee which might seem to them incompatible with the aim and purpose of the act[3] and the right to cancel any license if public dancing was permitted in the establishment. 1933 Wyo. Sp. Sess. Laws ch. 61, § 5. No right of appeal under any circumstance was provided, nor was the concept of transfer mentioned.

[¶ 19] In 1935 the statutes were significantly amended and, as relevant to this appeal, reflected a more explicit application procedure and added a section addressing transfer in limited circumstances. The application procedure section contained the following language: "No appeal shall lie from the decision of a governing body denying an applicant a license, nor shall any person have an action against the governing body or its members by reason of the denial of a license." 1935 Wyo. Sess. Laws ch. 87, § 5. At this juncture, the legislative intent to totally bar any right of appeal in all circumstances was clear and convincing. In addition, a new section entitled "License Regulations" provided only a very limited right to transfer a license to a new location:

A license shall be a personal privilege, good for one year unless sooner revoked, provided the executor or administrator of the estate of any deceased licensee, when such estate consists in whole or in part of the business of selling alcoholic and/or malt beverages under a license, may exercise the privilege of the deceased licensee under such license or licenses until the expiration of the same, and provided further, that in the event of a major loss or damage to the licensed premises by an unforeseen natural cause, the license may be renewed on different premises *on the same basis as an original application,* except for the payment of the license fee, which renewed license shall expire as of even date as the original license.

*Except as above provided, no license shall be transferred* or sold, nor shall it be used for any place not described in the license at the time of issuance....

1935 Wyo. Sess. Laws ch. 87, § 8 (emphasis added).

[¶ 20] Thereafter, the transfer provision was modified to permit the executor or administrator of the estate of any deceased licensee, by an actual bona fide sale made in good faith, to assign and transfer the license in qualified circumstances and with the approval of the governing body. 1941 Wyo. Sess. Laws ch. 90, § 8. The renewal preference was also established, and denial of an appeal was modified to give the right of appeal to applicants denied a renewal. 1945 Wyo. Sess. Laws ch. 133, § 5.

[¶ 21] Further substantial amendments did not occur until 1978. This lengthy period without amendment is remarkable in light of the 1957 *Whitesides* decision, in which this court stated transfer applications should be treated as original applications with no right of appeal. 319 P.2d 520. If Chief Justice Blume had incorrectly interpreted the legislature's intended treatment of transfer applications, legislative action to clarify the statutes and correct the court's decision would seem a likely result. However, no responsive legislative action was taken.

All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of law with reference thereto and statutes are therefore to be construed in harmony with the existing law, and as a part of an overall and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not

---

2. This was accomplished through amendment and reenactment of Chapter 92 of the 1933 Wyoming Session Laws.

3. "The Board shall further have the power to revoke any license granted at any time for good and sufficient reasons for any act committed by the licensee which may seem to them to be incompatible with the aim and purpose of this Act, namely; to promote true temperance." 1933 Wyo. Sp. Sess. Laws ch. 61, § 5.

only with the common law and the constitution, *but also with reference to the decisions of the courts.*

*Voss*, 550 P.2d at 486 (emphasis added).

[¶ 22] The 1978 amendments created the following transfer language:

(b) With the approval of the licensing authority, *a license may be transferred to or renewed on different premises on the same basis as the original application* except that no new license fee is required during the term of the license. A transferred license shall expire on the same date as the original license.

1998 Wyo. Sess. Laws ch. 51, § 1 at 374; Wyo. Stat. Ann. § 12–4–601(b) (Michie 1978) (emphasis added). Here, the legislature plainly established that a transfer license was to be considered on the same basis as an original license application without benefit of the renewal preference or right of appeal. The appeal provision language was also amended as follows: "An applicant for a renewal license or permit may appeal to the district court from an adverse decision by the licensing authority. No applicant for a new license shall have a right of appeal from the decision of the licensing authority denying an application." 1998 Wyo. Sess. Laws ch. 51, § 1 at 368; Wyo. Stat. Ann. § 12–4–104(d) (Michie 1978).

[¶ 23] Additional changes in 1979 added the phrase "license, permit, renewal or any transfer" and inserted the term "transfer" in various subsections of § 12–4–104, making the statute read very much as it does today. 1979 Wyo. Sess. Laws ch. 156, § 2; Wyo. Stat. Ann. § 12–4–104 (Michie Supp.1979). Further, language was added to preclude the issuance of a license if it is found from evidence presented at a hearing that any one of five circumstances existed. *Id.* The transfer provision was further amended to read:

(a) *After public hearing and with the approval of the licensing authority,* a license or permit may be transferred to or renewed on different premises on the same basis as the original application except that

no additional license fee is required during the term of the license or permit. A transferred license or permit shall expire on the same date as the original license or permit.

1979 Wyo. Sess. Laws ch. 156, § 2 at 439; Wyo. Stat. Ann. § 12–4–601(a) (Michie Supp. 1979) (emphasis added). The amendment clarified that those seeking a transfer were entitled to a hearing. However, none of the 1979 amendments provided the right of appeal to transfer applicants. Since 1979, no significant amendments have been enacted which are pertinent to the issue on appeal.

[¶ 24] The statutes as originally enacted did not provide either a right of appeal or a right to transfer a liquor license. Subsequent modifications supplied only highly qualified appeal and transfer provisions. Despite many amendments since the original enactment, the legislature has never afforded the express right of appeal from the denial of a transfer request. Furthermore, since the original enactment in 1933, the right to renew or transfer a license to a different location has been consistently modified by the phrase "on the same basis as the original application." This statutory history leads us to the conclusion a transfer application must be treated as if it were an original application with no right of appeal.

**D. Appeals of Administrative Action**

[¶ 25] The liquor license process is administrative in nature. However, we must dispel any misperception that an appeal right might be available indirectly by application of the Wyoming Administrative Procedure Act (WAPA). By legislative design, the WAPA does not apply to cities: [4]

The Administrative Procedure Act provides only for judicial review of action or inaction taken by an agency. Section 16–3–114(a), W.S.1977. An agency is

"any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the

---

4. The WAPA did apply to cities as originally enacted in 1965. However, with subsequent amendments in 1977 and 1979, cities were no longer subject to the act. *City of Evanston v.*

*Whirl Inn, Inc.,* 647 P.2d 1378, 1384–85 (Wyo. 1982), provides a full discussion of this legislative history.

state, *except the governing body of a city or town,* the state legislature and the judiciary." Section 16–3–101(b)(i), W.S. 1977.

Administrative decisions by a city council are not reviewable pursuant to the procedures of the Administrative Procedure Act because a city council is not an agency. *City of Evanston v. Whirl Inn, Inc.,* Wyo., 647 P.2d 1378 (1982).

*Foster's Inc. v. City of Laramie,* 718 P.2d 868, 872 (Wyo.1986). For this reason, a license transfer request made to a city council, as the licensing authority, does not constitute a contested case under the WAPA, and neither the appeal rights of the WAPA nor the requirements for clearly delineated findings of fact and conclusions of law pursuant to Wyo. Stat. Ann. § 16–3–110 (LexisNexis 2001) are applicable to the City Council's final decision.[5]

[¶ 26] Despite the provisions of § 12–4–104 which preclude the licensing authority from issuing, renewing, or transferring a license if it finds from evidence presented at the hearing that any one of five circumstances exists,[6] no express language requires any such finding to be made by a city denying a permit or a transfer. *Whitesides,* 319 P.2d at 526. The licensing authority is only prohibited from approving a transfer request if one of the five conditions exists. As the WAPA does not apply to the governing bodies of cities, there is no mechanism to compel cities to conduct administrative proceedings and issue administrative findings in compliance with the more formal requirements of the WAPA. *Foster's Inc.,* 718 P.2d at 872. If we were to extend the WAPA to these circumstances, such a result would arguably impose the procedural requirements of the

WAPA on *all* administrative proceedings. This would be contrary to legislative intent. Although we agree that providing a full explanation of their actions would benefit the public, we also acknowledge that cities are not compelled by law to do so. We decline to impose such a requirement without a legislative mandate. Further, we note, in the absence of a requirement for written findings and conclusions, the actions of the licensing authority cannot be construed as arbitrary and capricious merely because no reasons for the actions were given. *Whitesides,* 319 P.2d at 526.

■ [¶ 27] No party contends the City Council failed to abide by the procedural requirements of § 12–4–104(e) and § 12–4–601(a). The record reflects notice was properly given, a hearing was held, and the parties and all other interested persons were allowed a sufficient opportunity to address the City Council. Adequate due process was afforded to the parties.

[¶ 28] A limited argument was made that the process was insufficient because a property right was involved. This is an inaccurate portrayal of the nature of the right as between the licensing authority and the applicants for transfer. Wyo. Stat. Ann. § 12–4–106(a) (LexisNexis 2001) provides in relevant part: "A license or permit is considered a personal privilege to the holder and the term of the license or permit is for one (1) year unless sooner revoked." We have previously held, as between third parties, a liquor license is considered property. *Johnson v. Smith,* 455 P.2d 244, 251 (Wyo.1969), reflects, "as between the mortgagor and mortgagee, we deem the liquor license within the description of the property mortgaged,

5. Whether the WAPA would apply to county actions regarding liquor licenses is not at issue in this case, and we make no determination in that regard herein.

6.

(i) The welfare of the people residing in the vicinity of the proposed license or permit premises shall be adversely and seriously affected;

(ii) The purpose of this title shall not be carried out by the issuance, renewal or transfer of the license or permit;

(iii) The number, type and location of existing licenses or permits meet the needs of the vicinity under consideration;

(iv) The desires of the residents of the county, city or town will not be met or satisfied by the issuance, renewal or transfer of the license or permit; or

(v) Any other reasonable restrictions or standards which may be imposed by the licensing authority shall not be carried out by the issuance, renewal or transfer of the license or permit.

Section 12–4–104(b).

which upon foreclosure and sale ... would give the purchaser the 'first chance' or opportunity to apply to the licensing authority for continuation or renewal." Similarly, in *Kurpjuweit v. Northwestern Development Company, Inc.*, 708 P.2d 39, 46 (Wyo.1985), we held:

> [T]he provision of the lease containing the requirement that appellants transfer the liquor license to Northwestern at the conclusion of the lease is valid and enforceable *as between the parties*. Any such transfer is, however, subject to the provisions of § 12–4–601(b), W.S.1977, requiring public hearing and approval by the licensing authority.

[¶ 29] The nature of this unique right has been succinctly described in the following terms: "[A] liquor license is not property as between the licensing authority and the license holder, but it has sufficient attributes of property to be considered property as between private individuals." *Dodds v. Shamer*, 339 Md. 540, 663 A.2d 1318, 1326 (1995). In the context of this case, as between the City of Sheridan and the transferee applicants, the liquor license was merely a privilege to be granted or denied. We therefore conclude the process provided by the City Council, although not as formal or complete as the WAPA requires, was adequate for this action affecting a privilege granted by the City Council.

## CONCLUSION

[¶ 30] The express language of § 12–4–104(e) and § 12–4–601(a) does not provide for judicial review from the denial by a city council of a liquor license transfer application. The "Local Licenses" provisions are structured to provide regulation of the retail sale of alcohol and have the objective of permitting local licensing authorities to make these determinations. The legislative history demonstrates the right of appeal was incrementally developed to be a limited and qualified right afforded only to those with a renewal preference. The administrative procedure is intended to and does afford sufficient due process to ensure a fair hearing of a request for this governmental privilege. As between the licensing authority and appli-

cants, there is no property right at issue which would require a higher standard of due process. We conclude the legislature's intent to preclude judicial review in these circumstances is clear and convincing. *Pisano*, 835 P.2d at 1139.

[¶ 31] Albertson's and Jackson Electric have urged us to consider the apparent purpose of the City Council's actions, namely to suppress competition particularly when it comes in the form of a large multistate corporation. We do not discount in any manner the legitimate policy concern raised. We have long recognized that the statutes are not designed to suppress competition among license holders other than the lack of competition that naturally results from the limitation of the number of retail liquor licenses the licensing authorities are authorized to grant. *Glenn v. Board of County Commissioners, Sheridan County*, 440 P.2d 1, 5 (Wyo.1968). However, we are restrained from considering an appeal on the merits in this case and believe such a policy issue is more appropriately addressed to the legislature.

[¶ 32] Affirmed.